COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EL PASO INDEPENDENT SCHOOL DISTRICT, | § | No. 08-09-00104-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | County Court at Law No. 5 |
| | § | |
| MUNTASSER ALSPINI, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 2007-4751) |
| | § | |

**O P I N I O N**

In a single issue, Appellant, El Paso Independent School District (EPISD), appeals the trial court's denial of its motion for summary judgment based upon its plea to the jurisdiction. We reverse.

**BACKGROUND**

The facts relevant to our resolution of this appeal arise primarily from two interrelated proceedings at the trial court level: (1) the original lawsuit, and (2) the bill of review.

*Original Lawsuit*

On or about March 16, 2004, and May 11, 2004, Appellee Muntasser Alspini (Alspini) filed complaints with the Civil Rights Division of the Texas Workforce Commission alleging he had suffered national-origin discrimination and retaliation during his employment at EPISD from early October 2003 through May 6, 2004. Then, on June 3, 2005, Alspini filed suit against EPISD and two individuals in Case 2005-3857, alleging, in part, that he had suffered national-origin discrimination in violation of Texas Labor Code Sections 21.051, 21.056, 21.110, and retaliation in violation of Texas Labor Code Section 21.055. Because the claims against the two individuals were ultimately

dismissed by the trial court and are not relevant to our resolution of the issue on appeal, neither those claims nor the individual defendants will be referenced hereafter.

Although it is disputed, there is some evidence in the record to show that before service of process occurred, counsel for the parties entered into negotiations to resolve the case. The record specifically shows that Bruce Koehler, an attorney with the firm representing EPISD, contacted Alspini's attorney, Mark Briggs, prior to service of citation in the case and indicated that a resolution of the issues may be had prior to but not after receiving service. Negotiations between Koehler and Briggs remained ongoing while Briggs represented Alspini on this and other non-related legal matters in early 2006. In May 2006, after discussing with Koehler possible retirement scenarios for Alspini, it became apparent to Briggs that further negotiations and pretrial resolution of the case would be unsuccessful. Briggs then proceeded to serve EPISD with process on August 22, 2006.

However, unbeknownst to Briggs, the trial court had signed an order dismissing Alspini's lawsuit in Case 2005-3857 five months earlier. Briggs had not received any notice of the hearing at which the trial court dismissed the original proceeding. Nonetheless, according to Briggs, upon receiving service of process on August 22, 2006, EPISD filed its answer and plea to the jurisdiction.

During a hearing conducted on November 20, 2006, the trial court acknowledged the fact that there was no evidence to show that notice of the hearing had been given to Briggs or Alspini, even though it was the court's practice to do so. The court judicially noticed its file and further acknowledged that although the District Clerk is required to send the parties notice of a dismissal once the court has signed it, there was no evidence that notice of the dismissal had been provided to either party. The trial court noted to Alspini that it may be possible to reinstate the case in a bill of review, and then declared that it had lost jurisdiction and signed an order granting EPISD's plea to the jurisdiction.

*Bill of Review*

Almost one year later, on October 25, 2007, and with different counsel, Alspini filed his original petition for bill of review in Case Number 2007-4751. In the bill-of-review petition, Alspini: (1) noted that the original proceeding had been dismissed without the requisite notice required by Rule 306(a)(3) of the Texas Rules of Civil Procedure; (2) recited the procedural history of the original case, including the fact that EPISD was served with process in the case on or about August 22, 2006; (3) asserted that the dismissal was the result of official mistake, was not preventable, and was not the result of his fault or negligence; (4) stated that his claims in the original case were meritorious; and (5) asked the trial court to reopen Case Number 2005-3857. Citation issued the following day and service was made upon EPISD on November 7, 2007.

In its response, EPISD asserted that Alspini's claims were barred under theories of immunity and statutes of limitation. In its Order on Plaintiff's Bill of Review, the trial court held that the bill of review was "not denied" as to EPISD and recognized that EPISD would be filing a motion for summary judgment based upon "the defenses included within its Plea to the Jurisdiction." The trial court specified that the order was not final and that the case remained pending.

EPISD filed its motion for summary judgment and again asserted that Alspini's claims were barred as a matter of law based upon both governmental immunity as it related to common-law negligence claims against the school district and the two-year statutory limitation of Section 21.256 of the Texas Labor Code. In its order, the trial court granted EPISD's motion for summary judgment as to Alspini's common-law negligence claims but denied the school district any relief as to its statute-of-limitations defense.

On appeal, EPISD asserts that the trial court erred in denying its motion for summary judgment and its plea to the jurisdiction therein because Alspini did not use due diligence in

procuring service upon it and is barred by limitations as a matter of law.

## DISCUSSION

Appellate courts have limited jurisdiction "over final judgments and such interlocutory orders as the legislature deems appealable." *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex. App.–El Paso 1997, no writ). We are statutorily granted jurisdiction to review an interlocutory order of a county court at law that grants or denies, as here, a plea to the jurisdiction by a governmental unit, in this case EPISD. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon 2008); TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B) (Vernon 2005); *El Paso County v. Alvarado*, 290 S.W.3d 895, 898 (Tex. App.–El Paso 2009, no pet); *see Midland ISD v. Whatley*, 216 S.W.3d 374, 377-78 (Tex. App.–Eastland 2006, no pet.).

A plea to the jurisdiction is a mechanism by which a party contests the trial court's authority to decide a case. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000); *El Paso County v. Navarrete*, 194 S.W.3d 677, 682-83 (Tex. App.–El Paso 2006, pet. denied). The plea is dilatory and its purpose is to defeat a cause of action without addressing the merits of the case. *Bland Indep. Sch. Dist.,* 34 S.W.3d at 554; *Navarrete*, 194 S.W.3d at 683. We review *de novo* a trial court's ruling on a plea to the jurisdiction. *Id.* at 683.

The time frame within which an action for employment discrimination must be brought is set forth in Section 21.256 of the Texas Labor Code. TEX. LABOR CODE ANN. § 21.256 (Vernon 2006). That section provides that "[a] civil action may not be brought under this subchapter later than the second anniversary of the date the complaint relating to the action is filed." TEX. LABOR CODE ANN. § 21.256. Section 21.256 is among the mandatory statutory requirements of the Texas Commission on Human Rights Act (TCHRA), and a failure to comply with the mandatory statutory requirements deprives a trial court of subject matter jurisdiction in a subsequent lawsuit alleging

violations of the Act against a governmental entity. TEX. LABOR CODE ANN. § 21.256; TEX. GOV'T CODE ANN. § 311.034 (Vernon 2005); *In re United Services Auto Ass'n*, No. 07-0871, — S.W.3d —, 2010 WL 1136314, at *6 (Tex. March 26, 2010) ("While the Legislature could make the Labor Code filing deadlines jurisdictional, as it has in cases involving statutory requirements relating to governmental entities, *see* TEX. GOV'T CODE § 311.034 (providing that 'statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity'), it has not done so here.");[1] *Balli v. El Paso Independent School Dist.*, 225 S.W.3d 260, 265 (Tex. App.–El Paso 2006, pet. granted, jdgmt.vacated) ("[f]ailure to comply with these mandatory statutory requirements deprives a trial court of subject matter jurisdiction in a subsequent lawsuit alleging violations of the Act").

Service of process is achieved when the citation and a copy of the petition are delivered to the defendant, or the defendant is given notice of the suit through another authorized means. *See* TEX. R. CIV. P. 99(a). Citation serves the purposes of giving the court jurisdiction over the defendant, satisfying due process requirements, and giving the defendant an opportunity to appear and defend. *Cockrell v. Estevez*, 737 S.W.2d 138, 140 (Tex. App.–San Antonio 1987, no writ). A suit is barred by limitations if the plaintiff did not exercise diligence in obtaining service. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (per curiam), *citing Murray v. San Jacinto Agency, Inc.* 800 S.W.2d 826, 830 (Tex. 1990); *Tarrant County v. Vandigriff,* 71 S.W.3d 921, 924 (Tex. App.–Fort Worth 2002, pet. denied), *citing Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex. App.–Dallas 2000, pet. denied); *see also Tranter v. Duemling*, 129 S.W.3d 257, 259 (Tex. App.–El Paso

---

[1] Although the parties presented oral arguments to the Court on February 18, 2010, we must consider the Texas Supreme Court's ruling in *In re United Services Auto Ass'n*, No. 07-0871, — S.W.3d —, 2010 WL 1136314, at *6, *8 (Tex. March 26, 2010), and its applicability to this case. Each party has provided supplemental authority and argument to the Court since the opinion in *In re United Services Auto Ass'n* issued.

2004, no pet.) (to bring personal injury suit within two-year limitation, plaintiff must file petition within the period and file service upon defendant).

When a plaintiff files a petition within the permitted limitation period but fails to serve a defendant within that period, the date of service may relate back to the date of filing if the plaintiff exercised diligence in effecting service. *Vandigriff,* 71 S.W.3d at 924; *Tranter*, 129 S.W.3d at 259. The question of a plaintiff's diligence is typically one of fact and can be determined by examining the time it took to secure citation, service, or both, along with the type of effort or lack of effort the plaintiff expended in procuring service. *Proulx*, 235 S.W.3d at 216; *M & A Technology, Inc. v. iValue Group, Inc.*, 295 S.W.3d 356, 369-70 (Tex. App.–El Paso 2009, pet. filed). An offered explanation must involve diligence to seek service. *Rodriguez*, 13 S.W.3d at 49, *citing Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). While the determination of whether the plaintiff exercised due diligence is typically a fact question to be determined by a jury, the issue may be determined as a matter of law if no valid excuse for delay exists or if the plaintiff's actions, or inaction, and the lapse of time negate diligence. *Tranter*, 129 S.W.3d at 259; *Eichel v. Ullah*, 831 S.W.2d 42, 43 (Tex. App.–El Paso 1992, no writ).

A plaintiff has a duty to exercise diligence from the date suit is filed until the defendant is actually served. *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 50 (Tex. App.–San Antonio 1999, pet. denied). The two factors that control a determination of due diligence are: (1) whether the plaintiff acted as an ordinary prudent person would act under the same circumstances; and (2) whether the plaintiff acted diligently until the defendant was actually served. *Proulx*, 235 S.W.3d at 216; *M & A Technology, Inc.*, 295 S.W.3d at 369; *Tranter*, 129 S.W.3d at 259; *Eichel*, 831 S.W.2d at 43.

When a defendant has affirmatively pleaded defense limitations, and when failure to timely

serve the defendant has been shown, the burden shifts to the plaintiff to explain the delay. *Proulx*, 235 S.W.3d at 216, *citing Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 830 (Tex. 1990); *Seagraves v. City of McKinney*, 45 S.W.3d 779, 782 (Tex. App.–Dallas 2001, no pet.). If a plaintiff's explanation for the delay raises a material fact issue regarding the diligence of service efforts, it becomes the defendant's burden to conclusively show why, as a matter of law, the plaintiff's explanation is insufficient. *Proulx*, 235 S.W.3d at 216, *citing Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex. 1975); *M & A Technology, Inc.*, 295 S.W.3d at 370. However, in some instances, a plaintiff's explanation may be legally improper to raise the diligence issue and the defendant will bear no burden at all. *Proulx*, 235 S.W.3d at 216.

When an agreement between attorneys or parties delays a plaintiff from obtaining service on a defendant, that agreement must meet the requirements of Rule 11 of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 11; *Belleza-Gonzalez v. Villa*, 57 S.W.3d 8, 12 (Tex. App.–Houston [14th Dist.] 2001, no pet) (holding that an unenforceable oral agreement to delay service was insufficient to show diligence as a matter of law); *Allen v. City of Midlothian*, 927 S.W.2d 316, 320 (Tex. App.–Waco 1996, no writ). Rule 11 provides, "[u]nless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P. 11. Unless the specific requirements of Rule 11 are met, no agreements between counsel are enforceable. *London Market Companies v. Schattman*, 811 S.W.2d 550, 552 (Tex. 1991) (orig. proceeding); *Allen*, 927 S.W.2d at 320 (holding that even if attorney relied in good faith upon oral agreement to delay service, plaintiff could not claim the exercise of "due diligence" by relying upon the agreement as it was clearly unenforceable under Rule 11). *See* TEX. R. CIV. P. 11; *Schattman*, 811 S.W.2d at 552.

*Application*

Having found that the order denying EPISD's plea to the jurisdiction is an interlocutory one, we now address the merits of EPISD's issue on appeal. In the case at bar, it is undisputed that the facts that form the basis of Alspini's complaints and lawsuit arose between October 2003 and March 2004. Neither party disputes that Alspini timely filed his initial complaints with the Texas Workforce Commission on March 16, 2004, as to the national-origin claim and on May 11, 2004, as to the retaliation claim. Likewise, it is uncontested that Alspini timely filed his lawsuit against EPISD asserting violations of the Texas Labor Code on June 3, 2005, within the requisite two-year time frame set out in Section 21.256 of the Texas Labor Code. TEX. LABOR CODE ANN. § 21.256 (Vernon 2006). However, Alspini did not effect service upon EPISD until August 22, 2006, a date that is beyond the two-year statutory provision for bringing action under Chapter 21 of the Texas Labor Code. TEX. LABOR CODE ANN. § 21.256. Because EPISD has affirmatively pleaded defense limitations, and because it is clear that Alspini failed to timely serve EPISD, Alspini bears the burden of explaining the delay. *Proulx*, 235 S.W.3d at 216; *Murray,* 800 S.W.2d at 830; *Seagraves*, 45 S.W.3d at 782. Consequently, our review is necessarily restricted to a determination of whether Alspini exercised due diligence as to permit the date of service to relate back to the date the lawsuit was filed, thereby securing jurisdiction of the case in the trial court. We find that he did not.

While an offered explanation must involve diligence to seek service, we note that Alspini's explanation for his delay in effecting service upon EPISD does not involve any act or attempt on his part to seek or secure timely service. *Rodriguez*, 13 S.W.3d at 49, *citing Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). Rather, the delay purportedly arose from what may be described as a "gentlemen's agreement" between counsel to delay service while pretrial negotiations were attempted. Because this oral agreement was not in writing, signed, and filed with the papers as part

of the record, nor was made in open court and entered of record, it does not meet the requirements set forth in Rule 11. TEX. R. CIV. P. 11; *Belleza-Gonzalez*, 57 S.W.3d at 12; *Allen*, 927 S.W.2d at 320. Thus, the oral agreement between counsel was unenforceable. *Schattman*, 811 S.W.2d at 552; *Allen*, 927 S.W.2d at 320. *See* TEX. R. CIV. P. 11; *Schattman*, 811 S.W.2d at 552. We therefore hold that Alspini's explanation for the delay of service upon EPISD, that is, an unenforceable oral agreement to delay service, is insufficient as a matter of law to show diligence of any kind in seeking or accomplishing timely service. *Belleza-Gonzalez*, 57 S.W.3d at 11; *Tranter*, 129 S.W.3d at 259; *Eichel*, 831 S.W.2d at 43-44; *see also Rodriguez*, 13 S.W.3d at 51 (holding that notwithstanding a well-intended gesture of professional courtesy such as directing a clerk to delay issuance of citation, where there is inactivity or complete failure to attempt service, even when due to miscommunication, it cannot be said that a party exercised diligence or continual diligence in attempting service from the time suit was filed until service was accomplished).

Because EPISD was not properly served prior to the expiration of the limitations period and because we hold that Alspini did not exercise due diligence in attempting to have EPISD served, the date of Alspini's service upon EPISD does not relate back to the original filing of the lawsuit. *Vandigriff,* 71 S.W.3d at 924; *Tranter*, 129 S.W.3d at 259. Because EPISD is a governmental entity, Section 21.256 is mandatory and jurisdictional, and Alspini's failure to diligently serve EPISD within the two-year statutory time frame of that provision bars his suit and any judicial jurisdiction. TEX. LABOR CODE ANN. § 21.256 (Vernon 2006); TEX. GOV'T CODE ANN. § 311.034 (Vernon 2005); *see Vandigriff,* 71 S.W.3d at 925; *In re United Services Auto Ass'n*, — S.W.3d —, 2010 WL 1136314, at *6; *see also Lottinger v. Shell Oil Co.,* 143 F.Supp.2d 743, 753 (S.D.Tex. 2001); *Proulx*, 235 S.W.3d at 216; *Murray,* 800 S.W.2d at 830; *Boyattia*, 18 S.W.3d at 733. We sustain EPISD's sole issue on appeal.

## CONCLUSION

We reverse the trial court's denial of EPISD's motion for summary judgment and render

judgment that the trial court should have rendered.  We grant EPISD's plea to the jurisdiction.


                                        GUADALUPE RIVERA, Justice

May 19, 2010

Before McClure, J., Rivera, J., and Guaderrama, Judge
Guaderrama, Judge, sitting by assignment