Opinion issued September 22, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00071-CV

———————————

Candice T. Shepherd, Appellant

V.

Marilyn
Young, Appellee



 



 

On Appeal from the 129th District Court

Harris County, Texas



Trial Court Case No. 2002-18383

 



 

MEMORANDUM OPINION

Candice
Shepherd sued Marilyn Young for personal injuries arising from an auto
accident.  The trial court rendered
summary judgment for Young based on the statute of limitations.  We affirm.

BACKGROUND

Shepherd’s suit alleges that she
was injured when Young rear-ended her vehicle on April 12, 2000.  Shepherd sued Young and Pat McCormic (who she
claimed owned the car Young was driving) on April 11, 2002, one day before
limitations expired.  On April 19, 2002, the
Harris County District Clerk issued process to serve Young at the address shown
on her driver’s license on the day of the accident, but that service was
returned as “unexecuted” on May 5, 2002. 
Two days later, on May 7, 2002, Shepherd nonsuited McCormic, leaving
Young as the sole remaining defendant.  

On March 11, 2004, in response to a
notice that the case was being placed on the trial court’s dismissal docket,
Shepherd’s attorney filed a “Verified Motion to Retain,” arguing:

Plaintiff
maintains that good cause exists for maintaining this case on the Court’s
Docket in that the Defendant appears to have been out of the state and
otherwise evading service and the Plaintiff, having just recently found the
Defendant’s location still desires to pursue this cause of action and will do
so if permitted by this Court.

 

The court granted the motion to retain.

Young was never served, but
appeared inadvertently on January 26, 2007, when her insurance company attorney
filed a notice of substitution of counsel on her behalf.  Shortly thereafter, the same attorney filed a
“Motion to Withdraw Appearance or to Withdraw as Attorney of Record,” in which
he explained that notices of substitution of counsel were filed in several
cases—including this one—that he was taking over from a prior attorney,
but that the filing in this case was erroneous because Young had never been
served or appeared.  Because the
“designation was filed in error,” he requested that filing “not be regarded by
the Court as a formal appearance.” 
Alternatively, he requested that he be allowed to withdraw, as he “has
had no contact with [Young] and is not certain of her current whereabouts [and]
therefore have not been able to discuss the matter with her.”  No ruling on this motion appears in the
record.

On March 26, 2007, Young filed an
answer containing a general denial.    On
June 19, 2007, she filed a motion for summary judgment arguing that Shepherd’s
claim was barred by limitations because Shepherd had not exercised due
diligence in having her served.  In Shepherd’s
response, she pointed out that Young had not pleaded limitations as an
affirmative defense; nonetheless, the court granted summary judgment on August
3, 2007.  After Shepherd filed a motion
for reconsideration—again pointing
out that summary judgment had been granted on a ground not pleaded—the trial court vacated its summary judgment
order and ordered a new trial. 

On October 9, 2007, Young filed an
amended answer contending that limitations barred Shepherd’s claim because,
while Shepherd sued Young within the limitations period, she failed to use due
diligence to serve Young.  Young then moved
for summary judgment again on this same ground, which the trial court granted
on November 26, 2007.  It is that order
from which Shepherd appeals.  

THIS APPEAL

In four issues, Shepherd asserts
the trial court’s summary judgment was improper and should be reversed because:
(1) Young waived her statute-of-limitations defense by proceeding with a
hearing on her first motion for summary judgment over Shepherd’s objection that
no limitations defense had been pleaded, (2) the trial court abused its discretion
by considering Young’s statute-of-limitations defense in her second motion for
summary judgment because that affirmative defense has previously been “waived,”
(3) genuine issues of material fact exist about whether Shepherd’s explanations
for her failure to serve Young should preclude summary judgment on limitations
grounds, and (4) the trial court abused its discretion by failing to view the
evidence in the light most favorable to Shepherd.  

In response, Young argues that her
seeking summary judgment on a limitations defense that she had not pleaded did
not operate, as Shepherd claims, to waive that affirmative defense.  Young further assert that any error in the
trial court’s initially granting summary judgment on her unpleaded affirmative
defense was cured by the trial court’s granting Shepherd’s motion for new trial,
and by Young then pleading limitations as an affirmative defense before the
court granted a second summary judgment in her favor on that ground.  Finally, Young argues that Shepherd’s failure
to offer any explanation for the four year, nine month delay in service establishes
lack of diligence as a matter of law, rendering summary judgment proper. 

We first abated this appeal so a
hearing could be held by trial court to determine whether Shepherd’s post-trial
filings were timely such that they extended her deadline for filing a notice of
appeal to invoke this Court’s jurisdiction. 
The appeal having now been reinstated following a finding by the trial
court that Shepherd’s filings were timely, we affirm the trial court’s summary
judgment.

Unpleaded
Affirmative Defense

Young’s live pleadings did not
assert a statute-of-limitations defense when Young filed her June 19, 2007
motion for summary judgment on that basis. 
She first pleaded limitations, without seeking leave of court, as a
defense on July 24, 2007—one day
after the court’s first summary judgment hearing that resulted in the court’s
granting summary judgment in Young’s favor on August 3, 2007. 

It is undisputed that this August
3, 2007 judgment was subsequently vacated by the court’s September 24, 2007
order granting Shepherd’s motion for new trial. 
And it is undisputed that, when the trial court held the second summary
judgment hearing on November 5, 3007 and entered its second summary judgment in
Young’s favor on November 26, 2007, Young’s amended answer pleading limitations
had long been on file.  The parties
disagree, however, about the effect that the trial court’s September 24, 2007 new
trial order vacating its August 3, 2007 order had on the court’s ability to
enter the later November judgment on the same ground, i.e., limitations, as the
earlier vacated judgment.  

According to Shepherd, Young’s
affirmative defenses—including
limitations—that were “not presented or
pleaded in her general appearance and her following answer, both on file prior
to the hearing on her Motion on Summary Judgment on July 23, 2007, were waived,
and were not tried by consent because of the timely and continuing objections,
in writing, by the Appellant.”  Noting
that a “summary judgment hearing is a ‘trial’ within the meaning of Rule 63,
Texas Rules of Civil Procedure,” Shepherd then insists that “no consideration
could be given these waived affirmative defenses by the trial court at any time
prior to a final resolution of the litigation as [Young] was then estopped to
re-present those issues based on her insistence on pressing those issues to
trial on July 23, 2007.”  In other words,
Shepherd contends that once Young pressed ahead with the first summary judgment
hearing on an unpleaded defense that was not tried by consent, she is forever barred
from reasserting that defense.  

Young disagrees and argues that
once the trial court vacated its August 3, 2007 judgment, that judgment became
“a nullity, such that there was no ‘trial’ within the meaning of Tex. R. Civ.
Proc. 63 before the November 5, 2007 hearing on Mr. Young’s motion for summary
judgment.”  Thus, she contends, she was
free to amend her pleadings to add limitations and then seek summary judgment
again on that ground.  We agree.

A.   Applicable Law

“[W]hen the trial court grants a
motion for new trial, the court essentially wipes the slate clean and starts
over.”  Wilkins v. Methodist Health Care Sys., 160 S.W.3d 559, 563 (Tex.
2005).  Accordingly, when “a new trial is
granted, the case stands on the trial court’s docket ‘the same as if no trial
had been had.’”  In re Baylor Med. Ctr. at Garland, 280 S.W.3d 227, 230–31 (Tex. 2008) (orig. proceeding) (quoting Wilkins, 160 S.W.3d at 563)); see also Figueroa v. Davis, 318 S.W.3d
53, 68 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (“The . . . judgment
became a nullity the moment that the trial court granted a new trial.”); In re Walker, 265 S.W.3d 545, 550–51 (Tex. App.—Houston [1st Dist.] 2008) (“[T]he
granting of the new trial had the ‘legal effect of vacating the original
judgment and returning the case to the trial docket as though there had been no
previous trial or hearing.”), mand.
denied, In re Dep’t of Family & Protective Servs., 273 S.W.3d 639 (Tex.
2009).

“[A]n order granting a new trial
does not prevent a trial court from later rendering summary judgment on the
same grounds as those asserted before the new trial was granted.” Zapata v. ACF Indus., Inc., 43 S.W.3d
584, 586 (Tex. App.—Houston [1st Dist.] 2001, no pet.); see also Stanley v. CitiFinancial Mortg. Co., 121 S.W.3d 811, 816 (Tex.
App.—Beaumont 2003, pet. denied) (rejecting argument that granting of a new
trial following summary judgment precludes 
subsequent summary judgment). 

B.   Analysis     

Here, the trial court’s September
24, 2007 new-trial order “had the legal effect of vacating” its earlier summary
judgment order and “returning the case to the trial docket as though there had
been no previous trial or hearing.”  Walker, 265 S.W.3d at 550.  Shepherd 
cites no authority—and we have
located none—supporting her argument that
Young is foreclosed from advancing theories such as limitations following the
granting of the new trial.  The relevant
question is whether Young’s October 9, 2007 amended answer containing her
statute-of-limitations defense was timely in relation to the November 5, 2007
summary judgment hearing.       

Unless a different deadline is
provided by the trial court’s scheduling order, parties may freely amend their
pleadings without leave of court up to seven days before trial unless the
amended pleadings operate as a surprise to the opposing party.  Tex. R.
Civ. P. 63; In re Estate of Henry,
250 S.W.3d 518, 526 (Tex. App.—Dallas 2008, no pet.).  A summary judgment proceeding is a trial
within the meaning of rule 63.  Goswami v. Metro. Sav. & Loan Ass’n,
751 S.W.2d 487, 490 (Tex. 1980); Mensa-Wilmot
v. Smith Int’l, Inc., 312 S.W.3d 771, 778 (Tex App.—Houston [1st Dist.]
2009, no pet.).     

Young filed her answer several
months before the November 5, 2007 summary judgment hearing.  In her brief here, Shepherd does not contend
that Young’s filing was in violation of a scheduling order, nor does she assert
that it operated as a surprise.  While she
does state generally that the “opposing party must have fair notice of the
moving party’s cause of action and the relief sought,” it is clear from the
record of the November 5, 2007 summary judgment that the court was cognizant of
this right and that the court’s desire to adhere to proper notice requirements
was the consideration driving the granting of Shepherd’s motion for new trial
to allow proper notice to be given.[1]  

In sum, Young did not waive her
right to assert limitations as an affirmative defense, and the trial court did
not abuse its discretion by considering Young’s limitations argument after she
amended her pleadings to add a limitations defense.  Accordingly, we overrule Shepherd’s first and
second issues.  

SUMMARY JUDGMENT

Shepherd next contends the trial
court erred in granting summary judgment on Young’s statute-of-limitations
affirmative defense because fact issues exist as to whether she exercised due
diligence in procuring service on Young.  Young responds that the lack of an adequate
explanation for the post-limitations delay established a lack of due diligence
as a matter of law.

The accident occurred on April 12,
2000, and Shepherd filed suit on April 11, 2002—within limitations.  In April-May
2002, Shepherd unsuccessfully sought to have Young served through the clerk’s
office.  Shepherd never again attempted
to serve Young, who only appeared through the inadvertence of her insurance
company’s trial counsel on January 26, 2007. 
There was a four year and nine month delay from the time the lawsuit was
filed to the general appearance.  

As explanation for her failure to
serve Young, Shepherd cites the fact that Young moved to San Antonio after the
accident and that at some point she got married, resulting in her last name
changing.  Shepherd also complains that
Young’s insurance company allegedly knew her location, and purposefully
concealed it from Shepherd.[2]  According to Shepherd, these justifications
for the failure to timely serve Young created a fact issue precluding summary
judgment.  She also argues that the trial
court’s granting summary judgment in Young’s favor indicates that the court
failed to properly indulge inferences in Shepherd’s favor.     

Young, in her motion for summary
judgment, responded to these allegations with evidence that: (1) while she did
move twice after the accident, she has resided at her current address since
2002, (2) her driver’s license and utility bills have reflected her current
address since her move, and (3) she did not get married and change her name
until June 2005.  She also asserts in her
brief here that her insurance company had no duty to apprise Shepherd of
Young’s address, even if it had that information.    

A.   Applicable Law

Plaintiffs must bring a suit for
personal injuries within two years from the time the claim accrued.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 16.003.  “The mere filing of a suit will not interrupt
or toll the statute of limitations: a plaintiff must exercise reasonable
diligence in procuring the issuance and service of citation in order to
interrupt the statute.”  Butler v. Ross, 836 S.W.2d 833, 835
(Tex. App.—Houston [1st Dist.] 1992, no pet). 
Once the defendant pleads limitations and the defendant shows that
service was effected after limitations, the burden shifts to the plaintiff to
explain the delay.  Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 830 (Tex.
1990).  If the plaintiff demonstrates
that he or she exercised due diligence in effecting service of process, the date
of service relates back to the date of the filing of the suit.  Gant v
DeLeon, 786 S.W.2d 259, 260 (Tex. 1990); Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 890 (Tex. 1975).

To meet his or her burden, the
plaintiff must present evidence on the attempts made to serve the defendant,
and explain every lapse in effort and period of delay.  Montes
v. Villarreal, 281 S.W.3d 552, 556 (Tex. App.—El Paso 2008, pet. denied).  If the plaintiff’s explanation for the delay
raises a material fact concerning the plaintiff’s diligence, the burden then
shifts back to the defendant to conclusively show why, as a matter of law, the
plaintiff provided an insufficient explanation.  Auten v.
DJ Clark, Inc., 209 S.W.3d 695, 700 (Tex. App.—Houston [14th Dist.] 2006,
no pet.).  “While the determination of
whether the plaintiff exercised due diligence is typically a fact question to
be determined by a jury, the issue may be determined as a matter of law if no
valid excuse for delay exists or if the plaintiff’s actions or inaction and the
lapse of time negate diligence.” El Paso
Indep. Sch. Dist. v. Alspini, 315 S.W.3d 144, 150 (Tex. App.—El Paso 2010, no
pet.).  “[I]n some instances, a
plaintiff’s explanation may be legally improper to raise the diligence issue
and the defendant will bear no burden at all.” Id. (citing Proulx v. Wells,
235 S.W.3d 213, 216 (Tex. 2007) (per curiam)). 


In evaluating a plaintiff’s
diligence, the relevant inquiry is whether the plaintiff acted as an ordinarily
prudent person would have acted under the same or similar circumstances and was
diligent up until the time the defendant was served.  Proulx,
235 S.W.3d at 216.  We examine the time
it took to secure citation, service, or both, and the type of effort or lack of
effort the plaintiff expended in procuring service. Id.

B.   Analysis

To toll limitations, the duty to
exercise diligence continues from the date suit is filed until the date the
defendant is actually served.  E.g., Hodge v. Smith, 856 S.W.2d 212, 215 (Tex. App.—Houston [1st Dist.]
1993, writ denied);  Eichel v. Ullah, 831 S.W.2d 42, 44 (Tex. App.—El Paso 1992, no
writ).  Shepherd notes that the “only
direct evidence offered on due diligence was offered by [her] counsel, in an
affidavit,” which was never controverted by Young and which she contends raised
a fact issue on diligence. 
Alternatively, she asserts that “[e]ven if the affidavit . . . was
insufficient, additional evidence from which to craft inferences about the
reasons for delay in service were in evidence.” 


Shepherd’s attorney’s affidavit
averred the following related to his failure to serve Young:

3        I was notified of the return of service on the original
petition in this suit and, from that date, have been looking for the Defendant.

4.       My experience has permitted me to judge what proper service on
a Defendant is and it has been my experience that personal service is not only
the best, the fairest and most direct method of notice of suit, it is the least
likely to be challenged;

5.       My goal in this suit was to effect personal service by process
on the Defendant, when the Defendant could be located by reasonable methods
within reasonable economic means.  

6.       Sometime after the notice service could not be executed upon
the Defendant at her record address posted on the Texas Peace Officers Accident
Report, I learned it was thought the Defendant had relocated to      San Antonio, Texas;

7.       Although I made reasonable efforts to locate her there, I was
not successful;

8.       Thereafter, consistent with my other practice
responsibilities, I continued to check for the location of the Defendant in
this suit; 

9.       I did not drop all other practice responsibilities, nor did I
make extended special inquiries into the location of the Defendant, but I did make
continued reasonable efforts to affect the retention of the suit on the docket
of the Court and to locate the Defendant for personal service.

We agree with Young that this
affidavit is too conclusory to establish Shepherd’s exercise of continuous
diligence from May 5, 2002 to January 26, 2007. 
   

Evidence that Young moved from
Houston to San Antonio before suit was filed is not evidence of due diligence
on Shepherd’s part.  See Alspini, 315 S.W.3d at 151 (“[A]n offered explanation must
involve diligence to seek service);  Rodriguez v. Tinsman & Houser, Inc.,
13 S.W.3d 47, 49–51 (Tex.
App.—San Antonio 1999, pet. denied) (explanations not involving diligence do
not constitute valid explanations).  Notwithstanding
Shepherd’s attorney’s assertion that he made “reasonable efforts to locate her
there,” there is no evidence about any steps Shepherd’s lawyer took to
investigate Young’s whereabouts in San Antonio. 
More importantly, there is no evidence about when any such alleged efforts
occurred, or if there were time periods during which there was no effort made.  This failure is significant because “it is the
plaintiff’s burden to present evidence regarding the efforts that were made to
serve the defendant, and to explain every lapse in effort or period of delay.” Proulx, 235 S.W.3d at 216 (citing Gant, 786 S.W.2d at 260).     

Shepherd’s unexplained efforts
contrast with other cases which held that a plaintiff’s efforts and
explanations for a delay were sufficient to create a fact issue for the jury on
the issue of a plaintiff’s due diligence. 
For example, in Prolux v Wells,
the plaintiff documented thirty service attempts to five different addresses
using two process servers and two investigators. 235 S.W.3d at 216–17. 
Here, the only documented attempt by plaintiff after May 2002, was
plaintiff’s effort, through the filing of a motion to retain, to have the case
maintained on the docket.  We hold that
Shepherd’s failure to provide an explanation consistent with diligence over the
almost five-year period in which Young was never served supports the trial
court’s finding a failure to exercise due diligence as a matter of law. See Boyattia v. Hinojosa, 18 S.W.3d 729,
734 (Tex. App.—Dallas, pet. denied) (no due diligence with unexplained
three-month delay); Webster v. Thomas,
5 S.W.3d 287, 290 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (plaintiff did
not exercise due diligence with unexplained delay of over four months);  Holt v.
D’Hanis State Bank, 993 S.W.2d 237, 241 (Tex. App.—San Antonio 1999, no
pet.) (no due diligence with unexplained three-month delay).

Shepherd’s failure to adequately
explain a delay of more four years combined with the fact that she never served
Young demonstrated a lack of due diligence as a matter of law.  See
Proulx, 235 S.W.3d at 216. 
Accordingly, we hold that the trial court did not err in granting
Young’s summary-judgment motion.  We
overrule Shepherd’s third and fourth issues.

CONCLUSION

We affirm the trial court’s judgment.

 

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.

 











[1]
          At the hearing, the court discussed
the timeline for the various pleadings related to limitations, noted that it
“can’t find surprise on this record,” and explained: “It was my intention, in
granting the motion for new trial, to correct a technical deficiency of
inadequate notice, to consider the motion anew.”





[2]
          In her brief, Shepherd also
discuss the clerk’s duty to issue citations and deliver them timely, but she
does not actually argue that the clerk’s delay in returning the citation
unexecuted a few weeks after Shepherd requested service was unreasonable or is
an excuse for the delay following the unexecuted return of service.