

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00413-CV

IN THE INTEREST OF E.C.,
A CHILD

----------

### FROM THE 322ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 322-529035-13

----------

## MEMORANDUM OPINION[1] ON REHEARING

----------

On consideration of appellee B.F.'s motion for rehearing, we deny the motion, but we withdraw our prior opinion of August 7, 2014 and substitute the following to correct a clerical error.

Appellant S.H.[2] appeals the trial court's denial of her motion to set aside default judgment and her motion for new trial on the ground that appellees, B.F.

---

[1]*See* Tex. R. App. P. 47.4.

and W.F., lacked standing to file suit. Because appellees lacked standing under chapter 102 of the family code, we reverse the trial court's judgment and render judgment dismissing appellees' suit.[3]

## Background Facts

S.H., E.C.'s mother, was arrested in August 2012. Upon her arrest, S.H.'s mother B.F. and B.F.'s husband W.F. took E.C. into their home. S.H. executed a power of attorney allowing appellees to provide schooling, medical, and other needs. About five and a half months later, in January 2013, appellees sued to gain conservatorship of E.C. and to have the exclusive right to designate her primary residence.

According to appellees' attorney, he mailed S.H. the first amended petition in the suit affecting the parent-child relationship, a waiver of citation, and a cover letter requesting her signature on the waiver. S.H. executed the waiver of citation and mailed it back to appellees' attorney. Appellees served E.C.'s alleged father R.S. by publication after they could not locate him. The trial court appointed Mark Gosdin attorney ad litem for R.S., and after several searches, Gosdin could not locate him either.

---

[2]The names of the child and parties subject to this suit have been replaced with their initials in accordance with section 109.002(d) of the family code. Tex. Fam. Code Ann. § 109.002(d) (West 2014).

[3]*See* Tex. Fam. Code Ann. §§ 102.003(a)(9), 102.004(a)(1)–(2) (West 2014).

Following S.H.'s release, she moved in with appellees and obtained employment. On August 12, 2013, B.F. appeared alone to prove up the order appointing appellees and S.H. as joint managing conservators. The trial court signed a final order on August 26, 2013 appointing appellees and S.H. joint managing conservators with appellees having the exclusive right to designate E.C.'s residence.

On September 24, 2013, S.H. filed a motion to set aside default judgment and a motion for new trial, arguing that she had not been served properly, that her failure to appear was because of misinformation, and that appellees lacked standing to bring the suit. In October 2013, the trial court denied S.H.'s motions, holding that appellees had standing. S.H. then brought this appeal.

**Standard of Review**

Standing, which is a component of subject matter jurisdiction, is a constitutional prerequisite to maintaining a suit under Texas law. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993); *In re M.J.G.*, 248 S.W.3d 753, 762 (Tex. App.—Fort Worth 2008, no pet.). A party's lack of standing deprives the trial court of subject matter jurisdiction and renders any trial court action void. *In re Russell*, 321 S.W.3d 846, 856 (Tex. App.—Fort Worth 2010, orig. proceeding [mand. denied]). Standing cannot be conferred by consent or waiver and can be raised for the first time on appeal. *See Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding); *In re*

3

*Guardianship of Estate of Manire*, No. 02-07-00181-CV, 2008 WL 467390, at *1 (Tex. App.—Fort Worth Feb. 21, 2008, no pet.) (mem. op.).

Whether a person has standing is a question of law that we review de novo. *See M.J.G.*, 248 S.W.3d at 758; *In re Vogel*, 261 S.W.3d 917, 920–21 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). In addition, we review the trial court's interpretation of applicable statutes de novo. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655–56 (Tex. 1989); *Russell*, 321 S.W.3d at 856.

When standing has been conferred by statute, the statute itself should serve as the proper framework for the standing analysis. *Russell*, 321 S.W.3d at 856; *In re K.D.H.*, 426 S.W.3d 879, 883 (Tex. App.—Houston [14th Dist.] 2014, no pet.). If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *Russell*, 321 S.W.3d at 856. In Texas, standing in the context of a suit affecting the parent-child relationship is governed by the family code; a party seeking relief in such a suit must plead and establish standing within the parameters of the language used in the code. Tex. Fam. Code Ann. §§ 102.003–.007 (West 2014); *see Russell*, 321 S.W.3d at 856; *Svoboda v. Svoboda*, No. 03-09-00189-CV, 2009 WL 3151336, at *4 (Tex. App.—Austin Oct. 1, 2009, no pet.) (mem. op.).

**Lack of Standing Under Section 102.003(a)(9)**

S.H. contends that appellees did not prove standing under section 102.003(a)(9) of the family code. Section 102.003(a)(9) of the family code states that a suit may be filed by "a person, other than a foster parent, who has had

4

actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition." Tex. Fam. Code Ann. § 102.003(a)(9). "[S]tanding and subject matter jurisdiction are determined at the time the lawsuit [is] filed," so appellees must have had actual care, control, and possession of E.C. for at least six months prior to January 24, 2013, the day the original petition was filed. *See In re C.M.J.*, No. 02-12-00036-CV, 2012 WL 6632748, at *2–3 (Tex. App.—Fort Worth, Dec. 21, 2012, no pet.) (mem. op.) (affirming the trial court's judgment that grandparents lacked standing when the child had lived with them only three months before the suit was filed). Appellees obtained exclusive possession of E.C. on August 17, 2012, filed their original petition on January 24, 2013, and conceded on the record that E.C. had lived with them for only five and a half months before the petition was filed. Because appellees did not meet the statute's unambiguous six-month requirement, they lacked standing under section 102.003(a)(9) of the family code.[4] *See In re Kelso*, 266 S.W.3d 586, 590–91 (Tex. App.—Fort Worth 2008, orig. proceeding).

### Lack of Standing Under Section 102.004(a)

S.H. also argues that appellees did not have standing under section 102.004(a) of the family code. This section provides,

---

[4]Appellees have not argued that they have standing under section 102.003(a)(9) in this appeal, but S.H. addressed that section because it was argued in the trial court.

In addition to the general standing to file suit provided by Section 102.003, a grandparent, or another relative of the child related within the third degree by consanguinity, may file an original suit requesting managing conservatorship if there is satisfactory proof to the court that:

> (1) the order requested is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development; or

> (2) both parents, the surviving parent, or the managing conservator or custodian either filed the petition or consented to the suit.

Tex. Fam. Code Ann. § 102.004(a)(1)–(2).

W.F., E.C.'s step-grandfather, lacks standing under section 102.004(a) because he is not related to E.C. by consanguinity. *See Russell*, 321 S.W.3d at 859; *see In re A.M.S.*, 277 S.W.3d 92, 98–99 (Tex. App.—Texarkana 2009, no pet.). The government code provides that "[t]wo individuals are related to each other by consanguinity if: (1) one is a descendant of the other; or (2) they share a common ancestor." Tex. Gov't Code Ann. § 573.022(a) (West 2012). Because W.F. has not shown that E.C. is his descendant or that they share a common ancestor, he has not shown the requisite consanguinity with E.C. and, therefore, his standing under section 102.004(a). *See* Tex. Fam. Code Ann. § 102.004(a); *A.M.S.*, 277 S.W.3d at 98–99.[5]

S.H. argues further that B.F. did not have standing under section 102.004(a)(1) because she did not show that E.C.'s circumstances at the time of

---

[5]Appellees did not address or challenge whether W.F. was related to E.C. in the trial court or in this appeal.

filing threatened significant impairment of her physical health or emotional development. Appellees argue that because S.H. was in jail and could not care for E.C. when the suit was filed, and because R.S. was transient and unable to be found, E.C.'s then present circumstances significantly impaired her physical health and emotional development. Appellees argued at the trial court that "standing goes back to the time that they first had the child, as well as the time they filed." Appellees also alleged that there was "an emergency situation, [which] provide[d] standing back on the day that [S.H.] was arrested," and that the situation continued through the time of filing.

Several Texas courts have addressed this issue and held that standing relates to "the child's circumstances *on the date suit was filed.*" *K.D.H.*, 426 S.W.3d at 888 (emphasis added); *see In re McDaniel*, 408 S.W.3d 389, 397 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding); *see Vogel*, 261 S.W.3d at 922. The San Antonio Court of Appeals has also held that a grandmother's arguments in the trial court did not suggest that the child's present circumstances endangered her because when the petition was filed, the child was living with the grandmother. *See In re S.M.D.*, 329 S.W.3d 8, 14 n.3 (Tex. App.—San Antonio 2010, pet. dism'd). The court went on to explain the type of evidence the grandmother needed to offer to become managing conservator:

> [T]he nonparent must offer evidence of specific actions or omissions of the parent that demonstrate an award of custody to the parent would result in physical or emotional harm to the child. To meet this burden, the nonparent must present evidence of specific, identifiable behavior or conduct of the parent, as shown by specific acts or

7

omissions, and evidence that such acts or omissions will probably cause that harm. . . . The link may not be based on evidence which merely raises a surmise or speculation of possible harm. . . . Further, evidence of past misconduct alone is insufficient. If the parent is presently a suitable person to have custody, the fact that there was a time in the past when the parent would not have been a proper person to have such custody is not controlling.

*Id.* at 16 (citations and internal quotation marks omitted).

On August 12, 2013, appellant was out of jail, living with appellees, and working. At the hearing on the motion to set aside default judgment, appellees did not offer any evidence other than S.H.'s previous arrest to show that maintaining custody with S.H. would result in physical or emotional harm to E.C. *See id.* Appellees stated that S.H. "was in no position to be caring for [E.C.], taking her to school, or getting health insurance," but this evidence is speculative and points to no specific acts or omissions. *See id.* While S.H. may have had a prior history of arrest, that misconduct alone was insufficient to show that she was not suitable to have custody of E.C. when the suit was filed. *See id.* For these reasons, B.F. also lacked standing to file suit under section 102.004(a)(1) of the family code.

Likewise, appellees lacked standing under section 102.004(a)(2), which requires that "both parents, the surviving parent, or the managing conservator or custodian either filed the petition or consented to the suit." Tex. Fam. Code Ann. § 102.004(a)(2). S.H. argues that neither she nor R.S. consented to the suit. Appellees argue that S.H.'s signature on the waiver of citation conferred standing, and R.S.'s transient status meant that his consent was not required.

8

Appellees argue that S.H.'s signature on the waiver of service equates to consent to the suit. Service or a waiver of service is a means of attaining personal jurisdiction over a party. *See El Paso ISD v. Alspini*, 315 S.W.3d 144, 149 (Tex. App.—El Paso 2010, no pet.); *Olivarez v. State*, No. 02-02-00225-CV, 2003 WL 21476320, at *1 (Tex. App.—Fort Worth June 26, 2003, no pet.) (mem. op.). But consent to personal jurisdiction does not establish subject matter jurisdiction, which cannot be conferred by waiver. *See Russell*, 321 S.W.3d at 857 (holding that mother's signature on associate judge's report did not result in waiver of her right to challenge standing); *In re C.R.B.*, 256 S.W.3d 876, 877 (Tex. App.—Texarkana 2008, no pet.) (holding that mother's signature on agreed order was only consent to personal jurisdiction). *See generally, e.g.*, *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (op. on reh'g) (stating long-standing principle that subject matter jurisdiction cannot be conferred by waiver). Here, unlike the parent in *A.M.S.*, S.H. never expressly agreed or consented to the filing or continuation of the suit.[6] *A.M.S.*, 277 S.W.3d at 98; *accord In re C.G.C.*, No. 12-08-00253-CV, 2010 WL 338062, at *4 (Tex. App.—Tyler Jan. 29, 2010, no pet.) (mem. op.). Thus, B.F. did not establish standing under section 102.004(a)(2) of the family code. *See* Tex. Fam. Code Ann. § 102.004(a)(2).

Because appellees did not show standing to file suit under any of the pertinent sections of the family code, we sustain S.H.'s sole issue.

---

[6]Because S.H. did not consent, it is irrelevant whether R.S.'s consent was required.

**Conclusion**

Having determined that appellees did not show standing to file their suit, we reverse the trial court's judgment and render judgment dismissing the suit.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and MCCOY, JJ.

MCCOY, J., concurs without opinion.

DELIVERED:  September 11, 2014