COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| JOHN PHILIP FERNANDES, | § | No. 08-22-00227-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | 120th Judicial District Court |
| | § | |
| DAVID AARON PARRA, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 2020DCV1293) |

## MEMORANDUM OPINION

John Philip Fernandes sued Daniel Aaron Parra[1] on the last day of the limitations period following an auto-pedestrian collision. However, Fernandes did not serve Parra until nearly two years later. Parra moved for summary judgment on limitations, and the trial court granted the motion. Because we conclude Fernandes did not carry his burden to prove he exercised diligence in serving citation, we affirm.

### Background

On April 14, 2018, Parra and Fernandes were involved in an auto-pedestrian accident in which Parra's vehicle struck Fernandes as he walked across the street. The El Paso Police Department Accident Report listed the involved driver as David Aaron Parra and his address as

---

[1] As discussed below, Fernandes sued Parra under the wrong first name; Parra's first name is Daniel, not David.

12171 Noel Espinoza Circle, El Paso, Texas. The report also listed the car's owner as Elizabeth Parra with the same address on Noel Espinoza Circle.

On April 13, 2020, Fernandes sued Parra for negligence related to the collision. Fernandes requested a citation the same day, and the District Clerk issued the citation on April 15, 2020. The sheriff's deputy returned the citation unserved on May 15, 2020, noting one unsuccessful attempt at service on April 16, 2020, at which Enrique Parra stated he did not know a David Parra nor did a David Parra live at 12171 Noel Espinoza Circle. The sheriff's deputy noted Enrique was "[p]ossibly lying and covering" for Parra. Though the diligence sheet did not reflect another attempt at personal service by the sheriff's deputy, it noted several calls with Fernandes' attorney.

Fernandes ran a "skip trace" on Parra, which listed the address on Noel Espinoza Circle as the "[b]est address match."[2] It also reflected three phone numbers, two email addresses, two social media profiles, Parra's employer, and Parra's vehicle, which was registered to an address on Clausen Drive.

On August 31, 2020, Fernandes again requested a citation from the District Clerk, which issued shortly after. The sheriff's deputy made the following attempts at service as noted on the diligence sheet:

- September 4, 2020, at 8:55 a.m.: "No answer at 12171 Noel Espinoza Cir. Garage door open. 2 vehicles."

- September 4, 2020, at 1:14 p.m.: "No answer at 12171 Noel Espinoza Cir. Garage door open. 2 vehicles."

- September 8, 2020, at 3:26 p.m.: "Per Enrique Parra (Possibly father) advised he does not know who David is. Advised his son's name is Aaron."

---

[2] The record does not make clear when Fernandes ran the skip trace.

- October 26, 2020, at 10:50 a.m.: "Return unserved no response to multiple better locate."

The sheriff's deputy returned the citation as unserved on November 4, 2020.

On April 13, 2021, Fernandes again requested citation from the District Clerk, and the following day a sheriff's deputy unsuccessfully attempted service on Parra at the same address, noting "Enrique [Parra] advised defendant unknown at 12171 Noel Espinoza." After another unsuccessful attempt at service the following day, the sheriff's deputy returned the citation as unserved on April 16, 2021.

On July 23, 2021, Fernandes requested a citation from the District Clerk for a private process server to effect service. The process server made three unsuccessful attempts at serving Parra at the Noel Espinoza Circle address:

- September 13, 2021, at 8:04 p.m.: "Male that came to the door stated that he didn't know who DAVID AARON PARRA was, he went inside right away didn't give me a chance to ask him any more questions."

- September 18, 2021, at 11:15 a.m.: "No one came to the door. Vehicle parked in driveway."

- September 21, 2021, at 8:30 p.m.: "Female came to the door and she was very upset, she stated that DAVID AARON PARRA was not there and she didn't know anything about him, close[d] the door on me when I asked her if she knew Mr. Parra."

Fernandes requested the District Clerk issue citation by publication on November 18, 2021; however, there is nothing in the record that reflects whether the trial court approved substituted service or if service by publication was effected. In the affidavit in support of Fernandes's request for service by publication, his counsel stated "service attempts have been unsuccessful," the inquiries as to Parra's whereabouts during such attempts were also unsuccessful, and Fernandes "does not know anyone who would have any information on how to locate, contact, or otherwise communicate with him." Meanwhile, the district clerk attempted to send Parra mail at the Noel

Espinoza Circle address several times between August 2021 and January 2022, but the mail was returned undelivered.

Finally, in February 2022, a process server called Parra, who stated he was unaware of any attempt to serve him with Fernandes's lawsuit. Parra then arranged to meet with the process server the following day, and he accepted service on February 24, 2022. Parra noted he is the correct defendant named in the lawsuit; however, Fernandes sued him under the incorrect name—Parra's name is *Daniel* Aaron Parra, not David.

After answering the suit, Parra sought summary judgment on limitations grounds. The trial court granted Parra's motion. Fernandes moved for a new trial, which was overruled by operation of law. This appeal followed.

### *Standard of Review*

We review a trial court's ruling on summary judgment de novo. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). We take as true all evidence favorable to the non-movant, indulging every reasonable inference and resolving any doubts in his favor. *Id.* When, as here, a defendant seeks summary judgment on an affirmative defense, he must establish that defense as a matter of law. *Valley Forge Motor Co. v. Sifuentes*, 595 S.W.3d 871, 877 (Tex. App.—El Paso 2020, no pet.). If he does so, the burden then shifts to the non-movant to raise a genuine issue of material fact. *Id.* But "[i]f the non-movant fails to do so, the defendant will have conclusively established its affirmative defense and its right to summary judgment." *Id.* (citing *Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008)).

### *Applicable Law*

The applicable statute of limitations for Fernandes's personal injury claim is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). Service outside the limitations period may be

4

valid so long as the plaintiff files his petition within the limitations period and exercises diligence in procuring service on the defendant. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009). Once a defendant affirmatively pleads a limitations defense and shows service was untimely, the burden shifts to the plaintiff to prove his own diligence. *Id.* (citing *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007)). The plaintiff must "present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Proulx*, 235 S.W.3d at 216 (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990)). "Diligence is determined by asking 'whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served.'" *Ashley*, 293 S.W.3d at 179 (quoting *Proulx*, 235 S.W.3d at 216). Diligence is typically a fact question and is determined by considering "the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Proulx*, 235 S.W.3d at 216. However, "a plaintiff's explanation may demonstrate a lack of diligence as a matter of law, 'when one or more lapses between service efforts are unexplained or patently unreasonable.'" *Ashley*, 293 S.W.3d at 179 (quoting *Proulx*, 235 S.W.3d at 216).

### *Analysis*

In one issue on appeal, Fernandes challenges the trial court's order granting summary judgment on Parra's affirmative defense of limitations. Because Parra affirmatively pleaded the defense of limitations and his summary judgment evidence makes clear Fernandes failed to timely serve him, Fernandes bears the burden of explaining the delay in service. *El Paso Indep. Sch. Dist. v. Alspini*, 315 S.W.3d 144, 151 (Tex. App.—El Paso 2010, no pet.) (citing *Proulx*, 235 S.W.3d at 216).

Fernandes contends he exercised diligence in attempting service of process and, on appeal, characterizes Parra (and his family members) as "evasive" such that the lapses of time between his service attempts are not determinative. He urges that whether he exercised diligence is a fact issue, and the operative lapses in time a fact finder ought to consider are between the date of an unreturned service of citation and the date on which the next citation is requested.

Parra responds that Fernandes failed to explain the several lapses between his attempts at service such that he exercised a lack of diligence as a matter of law. Accordingly, Parra contends the date of service does not relate back to the date Fernandes first filed his suit, and the trial court properly entered judgment in Parra's favor. Parra also argues Fernandes waived any argument that he evaded service by not raising that argument in the trial court, and alternatively, even if he were evading service, the focus of the diligence inquiry remains on Fernandes's actions, which reflect repeated attempts to serve the wrong person at the wrong address despite having information that could have led to effective service sooner. Finally, Parra maintains Fernandes was required to exercise diligence in issuance and service of citation and could not merely rely on a process server or clerk to ensure service.

As an initial matter, we agree Fernandes waived his argument that Parra evaded service by not raising it at the trial court level. Because Fernandes did not assert that Parra was attempting to evade service, he did not preserve that issue for our review. TEX. R. APP. P. 33.1(a)(1); *D.R. Horton-Tex., Ltd. v. Markel Intern. Ins. Co., Ltd.*, 300 S.W.3d 740, 743 (Tex. 2009) ("In summary judgment practice, '[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.'" (quoting TEX. R. CIV. P. 166a(c))).

In his response to Parra's motion for summary judgment, Fernandes argued only that he filed his suit timely, he requested service of citation on the same day he filed his petition, the Texas Supreme Court tolled service deadlines under its COVID-19 emergency orders,[3] he got Parra's name and address from the El Paso Police Department's accident report, he ran a skip trace that "provided no additional likely addresses where [Parra] might be served," and he continued requesting service of citation through the district clerk "on a regular basis" until Parra was served.

However, Fernandes does not attempt to explain the delays in service. Specifically, he provides no explanation for the following periods of inactivity: (1) four months and fifteen days between the first unsuccessful attempt at service on April 16, 2020 and his request for citation on August 31, 2020; (2) five months and eighteen days between the last of four unsuccessful attempts at service on October 26, 2020 and his next request for citation on April 13, 2021; (3) three months and eight days between another unsuccessful attempt at service on April 15, 2021 and his next request for citation on July 23, 2021; and (4) five months and three days between the last of three unsuccessful attempts at service on September 21, 2021 and when Parra was finally served on February 24, 2022.[4] In sum, Fernandes provides no explanation for delays in service for four periods totaling over eighteen months. Because Fernandes never attempted to explain what steps he took to obtain service during the periods of inactivity, he failed to raise a material fact issue concerning his diligence, and the burden never shifted back to Parra to conclusively show why, as a matter of law, his explanation was insufficient. *Slagle v. Prickett*, 345 S.W.3d 693, 698 (Tex.

---

[3] The Texas Supreme Court's emergency orders extended filing and service deadlines for civil cases through September 15, 2020. Order of the Supreme Court of Texas, *Twenty-First Emergency Order Regarding the Covid-19 State of Disaster,* Misc. Docket No. 20-9091 (July 31, 2020).

[4] Though Fernandes points to his request for citation by publication in November 2021, the record does not reflect the trial court's approval of substituted service or any evidence that he served citation by publication.

7

App.—El Paso 2011, no pet.) (citing *Proulx*, 235 S.W.3d at 216). Indeed, Texas courts have held plaintiffs failed to exercise due diligence as a matter of law for providing no explanation for delays in service for shorter periods than here. *See Proulx*, 235 S.W.3d at 217 (collecting cases, including periods of inactivity over four and five months).

Further, during the periods Fernandes did take steps towards citation and service, he continued to attempt service at the same address, despite learning via unsuccessful service attempts that no one named David Aaron Parra lived at that address. Though Fernandes ran a skip trace that provided additional information about Parra, including several different means of contacting him, Fernandes apparently did not follow up on any of those leads but instead continued personal service attempts at the same address. "[E]ven persistent, but ineffective, activity may demonstrate a lack of diligence as a matter of law if an ordinarily prudent person would not have acted similarly under the same or similar circumstances." *Parmer v. DeJulian*, No. 12-07-00479-CV, 2008 WL 4225994, at *5 (Tex. App.—Tyler Sept. 17, 2008, no pet.) (mem. op.) (citing *Webster v. Thomas*, 5 S.W.3d 287, 291 (Tex. App.—Houston [14th Dist.] 1999, no pet.)). Fernandes's actions fail to demonstrate diligence as a matter of law. *See Carter v. MacFadyen*, 93 S.W.3d 307, 314–15 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) ("A flurry of ineffective activity does not constitute due diligence if easily available and more effective alternatives are ignored.").

Finally, there is no support for Fernandes's position that the only lapse in time for us to examine in a reasonable diligence inquiry is between the date of an unreturned service of citation and the date on which the next citation is requested. *See Proulx*, 235 S.W.3d at 216 ("In assessing diligence, the relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant

was served."); *Alspini*, 315 S.W.3d at 150 ("A plaintiff has a duty to exercise diligence from the date suit is filed until the defendant is actually served.").

Because Parra was not served prior to the expiration of the limitations period and because Fernandes did not exercise due diligence in attempting to have Parra served, the date of effective service upon Parra does not relate back to the original filing of the lawsuit. *Alspini*, 315 S.W.3d at 151. We overrule Fernandes's sole issue on appeal.

## CONCLUSION

For the above reasons, we affirm the trial court's order granting summary judgment in Parra's favor.

YVONNE T. RODRIGUEZ, Chief Justice

August 14, 2024

Before Rodriguez, C.J., Palafox, and Soto, JJ.