**Opinion issued September 20, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NO. 01-10-00836-CV

————————————————

**GORDON R. GOSS, Appellant**

**V.**

**THE CITY OF HOUSTON, Appellee**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-12979**

---

## O P I N I O N

Appellant, Gordon R. Goss, appeals the trial court's grant of the plea to the jurisdiction filed by appellee, the City of Houston ("the City"). The appeal arises from the dismissal of Goss's claims for violations of the Texas Commission on Human Rights Act ("TCHRA"), conspiracy to violate the TCHRA, and intentional

infliction of emotional distress. In four issues, Goss argues the trial court erred by: (1) ordering the case to be dismissed when certain claims were still before the trial court; (2) granting more relief than requested by the City; (3) improperly dismissing his claims with prejudice; and (4) determining that his claims were barred by the statute of limitations.[1] In a cross-point, the City argues that we lack jurisdiction to consider this appeal. We affirm the trial court's order dismissing the case for lack of jurisdiction with prejudice.

## Background

Goss's claims arise out of complaints he filed with the Texas Workforce Commission (TWC) and with the United States Equal Employment Opportunity Commission (EEOC), one filed on April 13, 2006 and one filed on January 8, 2007 and amended on July 3, 2007. On April 13, 2009, the EEOC notified Goss and his attorney in two separate determinations that it believed the City had violated Title VII of the Civil Rights Act of 1964 ("Title VII"). The determinations made no reference to the TCHRA or any other state law or potential claim. On May 28, 2009, Goss and his attorney were notified that conciliation efforts required by Title VII had been unsuccessful. On November 23, 2009, Goss was notified by the United States Department of Justice ("DOJ") that he had the right to institute a

---

[1]     Goss identifies two issues in his statement of the issues. In his argument section, Goss identifies four sub-issues for the first issue. Goss's second issue re-argues matters raised in his first issue. Accordingly, for purposes of this opinion, we treat the four sub-issues in his first issue as the issues to consider on appeal.

civil action under Title VII and that "such suit must be filed in the appropriate court within 90 days of your receipt of this Notice." The right to sue letter from the DOJ made no reference to the TCHRA or any other state law claim.

Goss filed suit on February 26, 2010, asserting claims under the TCHRA and intentional torts. He did not include any federal claims. After the City filed its plea to the jurisdiction and motion for summary judgment, however, Goss filed an amended petition asserting federal claims under Title VII. He did not serve this petition on the City until July 21, 2010, over a month after the June 4, 2010 hearing on the City's plea to the jurisdiction, and a month after the trial court's June 21, 2010 order dismissing Goss's suit with prejudice.

## Statute of Limitations

In his third issue, Goss argues the trial court erred by granting the City's plea to the jurisdiction based on the statute of limitations because equitable tolling applies. The City responds that statutory requirements, including limitations periods, are jurisdictional in suits against the City and that the equitable tolling doctrine does not apply. We agree with the City.

The TCHRA provides that a plaintiff who seeks redress under that Act must file suit within two years of the date he filed his complaint with the Texas Workforce Commission. TEX. LABOR CODE ANN. § 21.256 (Vernon 2006); *see City of Houston v. Fletcher*, 63 S.W.3d 920, 922 (Tex. App.—Houston [14th Dist.]

3

2002, no pet.) (holding that aggrieved employee must file complaint within 180 days of alleged discriminatory act, allow TWC 180 days to dismiss or resolve complaint before filing suit, and "file suit in district court no later than two years after the complaint is filed with the [TWC]"). Here, Goss filed two complaints with the EEOC and the TWC, one on April 13, 2006 and one on January 8, 2007. In both circumstances, Goss indicated that he wanted the charges filed with what is now the Texas Workforce Commission, Civil Rights Division. The EEOC issued its determinations on April 13, 2009. A right to sue letter was issued on November 23, 2009. Goss filed suit, alleging violations of the TCHRA, on February 26, 2010, over three years after he filed his last charge with the EEOC. Thus, this suit was untimely under the plain language of the TCHRA.

The City argues that a statute of limitations is jurisdictional in a suit against a governmental entity and, therefore, because Goss brought his TCHRA suit after limitations had run, the trial court lacked subject matter jurisdiction and properly dismissed the suit with prejudice. To support its argument, the City relies on Government Code section 311.034, a Texas Supreme Court case, and an opinion from the El Paso Court of Appeals. *See* TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp. 2012); *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 310 (Tex. 2010); *El Paso Indep. Sch. Dist. v. Alspini*, 315 S.W.3d 144, 149 (Tex. App.—El Paso 2010, no pet.). While this suit was pending, however, the Texas Supreme

4

Court answered this question definitively. *See Prairie View A & M Univ. v. Chatha*, No. 10-0353, 2012 WL 3800321, at *8–10 (Tex. Aug. 31, 2012) (applying Labor Code section 21.202, requiring that complaint under TCHRA be filed with TWC within 180 days, to section 311.034)

Section 311.034 provides, in relevant part, "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE ANN. § 311.034. In *Prairie View A & M*, the Texas Supreme Court espressly held that the 180-day administrative filing deadline is jurisdictional. *See Prairie View A & M Univ.*, 2012 WL 3800321, at *8–10. Courts have also determined that notices of intent to file suit and exhaustion of administrative remedies are statutory prerequisites that function as jurisdictional requirements in a suit against a governmental entity. *Colquitt v. Brazoria Cnty.*, 324 S.W.3d 539, 543 (Tex. 2010) (applying requirement to provide notice of intent to file suit to section 311.034); *MHCB (USA) Leasing & Fin. Corp. v. Galveston Cent. Appraisal Dist. Review Bd.*, 249 S.W.3d 68, 82 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (applying exhaustion of administrative remedies requirements to section 311.034).

Prior to *Prairie View A & M*, the El Paso Court of Appeals had held that compliance with the statute of limitations in Labor Code section 21.256 was not only a mandatory statutory prerequisite to bringing suit under the TCHRA but was

5

also jurisdictional when the defendant is a governmental entity. *Alspini*, 315 S.W.3d at 149. As authority for its holding, the *Alspini* court relied upon the Texas Supreme Court's opinion in *In re United Services Auto Association*. In *United Services*, the supreme court—mindful of its own prior opinion in *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000), which held that a statutory prerequisite may be mandatory without being jurisdictional and observing that the United States Supreme Court had "consistently construed Title VII's requirements as mandatory but not jurisdictional"—held that the two-year statutory period for filing suit against a private employer on claims brought under the TCHRA was "mandatory but not jurisdictional" and was, therefore, subject to equitable tolling. *United Servs.*, 307 S.W.3d at 306, 308, 310–11. However, the court also observed, as part of its rationale,

> [w]hile the Legislature could make the Labor Code filing deadlines jurisdictional, as it has in cases involving statutory requirements relating to governmental entities, *see* TEX. GOV'T CODE ANN. § 311.034 (providing that "statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity"), it has not done so here.

*Id.* at 308.

Citing the foregoing statement in *United Services*, the *Alspini* court held that compliance with the statute of limitations for an employment discrimination claim under the TCHRA set out in Labor Code section 21.256 was a mandatory statutory prerequisite to bringing suit under the TCHRA against a governmental entity and

6

was jurisdictional. *Alspini*, 315 S.W.3d at 149. And it observed that "a failure to comply with the mandatory statutory requirements deprives a trial court of subject matter jurisdiction in a subsequent lawsuit alleging violations of the Act against a governmental entity." *Id.* (citing *United Servs.*, 307 S.W.3d at 308).

We agree with the *Alspini* court that, in *United Services*, the Texas Supreme Court explicitly recognized that the TCHRA and Government Code section 311.034 were both intended by the Legislature to have effect and that the express intent of section 311.034 is to make statutory prerequisites to suit jurisdictional in suits brought against governmental entities, including the mandatory, but otherwise non-jurisdictional, statutory limitations period in Labor Code section 21.256. *See United Servs.*, 307 S.W.3d at 308; *Alspini*, 315 S.W.3d at 149; *see also Chatha*, 2012 WL 3800321, at *8 (holding that 2005 amendment of section 311.034 "evinces the Legislature's intent that all statutory prerequisites are now jurisdictional requirements as to governmental entities and are properly asserted in a plea to the jurisdiction"). We specifically observe that to hold otherwise would draw an unfounded distinction between "statutory prerequisites" and statutes of limitations and contravene the express intent of the Legislature, set out in Government Code section 311.034, that *all* statutory prerequisites to suit be considered jurisdictional when the defendant is a governmental entity. *See* TEX. GOV'T CODE ANN. § 311.034; *Chatha*, 2012 WL 3800321, at *8–9 (holding that

7

"the term 'statutory prerequisite' refers to statutory provisions that are mandatory and must be accomplished prior to filing suit" and that "[i]n a statutory cause of action against a governmental entity, the failure to adhere to the statute's mandatory provisions that must be accomplished before filing suit is a jurisdictional bar to suit").

In accordance with the foregoing authority, we hold that the TCHRA's statutory limitations period is jurisdictional under Government Code section 311.034. Accordingly, we hold that compliance with the statute of limitations in the TCHRA is a statutory prerequisite to filing suit under that statute against a governmental entity. Goss filed this litigation well outside the statutory limitations period. Failure to comply with a jurisdictional requirement for suit against a government entity deprives the trial court of power to act, other than to determine that it lacks jurisdiction. *Little v. Tex. Bd. of Law Examiners*, 334 S.W.3d 860, 862 (Tex. App.—Austin 2011, no pet.). Accordingly, suits brought against a governmental entity in violation of a statute of limitations, as here, must be dismissed for lack of jurisdiction. Because Goss's TCHRA claims against the City were untimely filed, the City was entitled to dismissal of those claims. Therefore, we hold that the trial court properly granted the City's plea to the jurisdiction on the basis of statute of limitations, subject only to the validity of Goss's equitable tolling claims.

**Equitable Tolling**

In his fourth issue, Goss argues that the trial court erred by granting the City's plea to the jurisdiction based on the statute of limitations because equitable tolling applies to toll both his claims under the TCHRA, which are subject to the two-year statute of limitations set out in Labor Code section 21.256, and under Title VII. *See* TEX. LAB. CODE ANN. § 21.256. Goss asserts two bases for equitable tolling: (1) the EEOC's failure to process the charge within the limitations period and (2) misrepresentations from an EEOC agent that Goss had to wait for the right to sue letter before filing suit. He argues that the TCHRA is analogous to Title VII, which provides for equitable tolling when a complainant has, as here, filed a "defective pleading" or filed in the wrong forum.

### 1. TCHRA Claims

Goss's arguments are based on federal opinions interpreting federal law, namely Title VII. *See N. Metal Co. v. United States*, 350 F.2d 833, 839 (3d Cir. 1965) (holding limitations period is tolled while administrative agency has exclusive jurisdiction over claim if that time goes beyond time to bring claim in trial court); *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999) (holding equitable tolling applies when EEOC misleads claimant about nature of her rights under Title VII).

9

Goss's original petition concerns state law claims brought in a state court. Goss does not cite to any case law showing that Texas has adopted his equitable tolling arguments, nor have we found any. To the contrary, the TCHRA and Title VII are not the same or analogous, nor is the case law interpreting the requirements for filing suit under these statutes. For example, a Notice of Right to Sue is required when claims are filed under Title VII. *See* 42 U.S.C. § 2000e-5(f)(1) (providing that Title VII action may be brought "within ninety days after the giving of . . . notice"). But a person who wishes to bring a lawsuit alleging discrimination in violation of the TCHRA need only wait 180 days after filing a charge with the TWC before filing suit. *Burgmann Seals Am., Inc. v. Cadenhead*, 135 S.W.3d 854, 857–58 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

In addition, Title VII lacks a limitations provision parallel to the TCHRA's provision requiring that suit be filed within two years of the date the claimant filed the administrative complaint. Statutes of limitations, like that in the TCHRA,

> operate to prevent the litigation of stale claims; they "afford plaintiffs what the legislature deems a reasonable time to present their claims and protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witness, fading memories, disappearance of document or otherwise. The purpose of a statute of limitation is to establish a point of repose. . . ."

*Kerlin v. Sauceda*, 263 S.W.3d 920, 925 (Tex. 2008) (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 3 (Tex. 1996)). The Texas Legislature has considered this function of

10

the statute of limitations to be sufficiently important when private claims are alleged against governmental entities that it has made this limit jurisdictional. *See* TEX. GOV'T CODE ANN. § 311.034.

Thus, while the federal courts have found equitable tolling in certain cases brought under Title VII, the considerations that support such claims in those suits are not present in TCHRA suits. Rather, construing the TCHRA as permitting equitable tolling would contradict the express purpose of Texas's statutes of limitations and the jurisdictional bar to suit such statutes impose when governmental entities are sued in Texas state courts. Application of the doctrine of equitable tolling in such a case would also undermine the carefully articulated scheme set out by the Legislature for the equitable resolution of employment discrimination claims. Accordingly, we hold that the equitable tolling doctrine does not apply to claims brought against governmental entities under the TCHRA.

### 2. *Title VII Claims*

Goss also asserts that he was "misled" by the EEOC and that, therefore, under federal law, his Title VII claims "relate back" to the date he filed his TCHRA claims. We disagree.

Texas's "relation back" doctrine is set out in Civil Practice and Remedies Code section 16.068, which provides:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a

11

subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.068 (Vernon 2008). Texas courts apply a two-pronged test to determine whether an amended pleading relates back to an earlier pleading for purposes of limitations. *Tex. A & M Univ. Sys. v. Luxemburg*, 93 S.W.3d 410, 421 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *Cooke v. Maxam Tool & Supply, Inc.*, 854 S.W.2d 136, 141 (Tex. App.—Houston [14th Dist.] 1993, writ denied). "First, the original cause of action asserted in the first pleading must not have been time-barred when filed; and second, the amended pleading which changes the grounds of liability must not be wholly based on a new, distinct, or different transaction or occurrence." *Luxemburg*, 93 S.W.3d at 421–22; *Cooke*, 854 S.W.2d at 141.

Under section 16.068, a claim asserted in an amended petition which is related to the same transaction that is the subject of an original petition is time-barred if the claim made in the original petition is itself time-barred. *See SJW Prop. Commerce, Inc. v. Sw. Pinnacle Props., Inc.*, 328 S.W.3d 121, 145 (Tex. App.—Corpus Christi 2010, pet. denied) ("Section 16.068 is a tolling statute that stops the clock at the time that the original petition is filed, if filed within the limitations period, but cannot toll a time period already expired."); *Almazan v. United Servs. Auto. Ass'n*, 840 S.W.2d 776, 778 (Tex. App.—San Antonio 1992,

12

writ denied) (stating, "a cause of action barred by limitation cannot be revived by filing a pleading stating an invalid cause of action and thereafter amending to include the barred cause of action," nor can it revive a time-barred cause of action) (quoting *Church v. Ortho Diagnostic Sys., Inc.*, 694 S.W.2d 552, 556 (Tex. App.—Corpus Christi 1985, writ ref'd n.r.e.)). Moreover, because the trial court lacked jurisdiction over Goss's TCHRA suit, his original petition was a nullity and could neither toll limitations nor create subject matter jurisdiction over Goss's amended petition. *See EcoProduct Solutions, L.P. v. ENGlobal Eng'g, Inc.*, No. 01-10-00366-CV, 2011 WL 2624003, at *7 (Tex. App.—Houston [1st Dist.] Jun. 30, 2011, pet. denied) (mem. op.); *Sun v. Al's Formal Wear of Houston, Inc.*, No. 14-96-01516-CV, 1998 WL 726479, at *5–*6 (Tex. App.—Houston [14th Dist.] Oct. 15, 1998, no pet.) (mem. op., not designated for publication).

We hold that the trial court lacked subject matter jurisdiction over both Goss's TCHRA claim and his Title VII claim.

### Dismissal with Prejudice

In his third issue, Goss argues that the City's plea to the jurisdiction should have been granted without prejudice. "A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction." *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Because governmental immunity from suit defeats the trial court's jurisdiction, it may be raised in a plea to the

13

jurisdiction. *Id.* In addition, because subject matter jurisdiction is essential to a court's power to decide a case, the absence of jurisdiction may also be raised, not only in a plea to the jurisdiction, but by other procedural vehicles, such as a motion for summary judgment. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). "In general, a dismissal with prejudice is improper [in a plea to the jurisdiction] when the plaintiff is capable of remedying the jurisdictional defect." *Sykes*, 136 S.W.3d at 639. But if the pleadings affirmatively negate jurisdiction, a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend his petition. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004); *Gulf Coast Waste Disposal Auth. v. Four Seasons Equip., Inc.*, 321 S.W.3d 168, 173 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Thus, when the evidence establishes that the trial court lacks subject matter jurisdiction due to governmental immunity to suit, dismissal with prejudice is proper. *Sykes*, 136 S.W.3d at 639.

Here, the evidence establishes that the trial court lacked jurisdiction over Goss's claims because the statute of limitations in Labor Code section 21.256 barred his TCHRA claims; Government Code section 311.034 made the statute of limitations jurisdictional as to Goss's claims against the City, a governmental entity; and Goss's Title VII claim did not relate back to the original date of filing of Goss's TCHRA time-barred suit so as to create jurisdiction where none

14

otherwise existed. Therefore, the trial court did not err in dismissing Goss's suit with prejudice.

We overrule Goss's third issue.

**Granting Greater Relief**

In his first two issues, Goss argues that, by dismissing his Title VII claims, the trial court erroneously granted greater relief than the City had requested. He alleges, "The City's plea to the jurisdiction does not defeat Goss' federal claims because the City failed to seek such relief in its April 30, 2010 filing." He contends, "It is axiomatic that a party may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding."

Goss confuses a plea to the jurisdiction and a motion for summary judgment. Subject matter jurisdiction is essential to the authority of the courts to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). It is never presumed and cannot be waived, even when uncontested. *Id.* at 443–44. Subject matter jurisdiction may be raised at any time, even for the first time on appeal. *Id.* at 445. A challenge to the court's jurisdiction may be made in the form of a motion for summary judgment without changing the requirements for establishing subject matter jurisdiction. *See Bland*, 34 S.W.3d at 553–54.

To establish subject matter jurisdiction, a party must allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause of action.

*Miranda*, 133 S.W.3d at 226; *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *Gulf Coast Waste Disposal Auth.*, 321 S.W.3d at 173. If the pleadings affirmatively negate the existence of jurisdiction, a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Miranda*, 133 S.W.3d at 227. However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, the courts will consider relevant evidence presented by the parties when necessary to resolve the jurisdictional issues. *Id.* If the relevant evidence is undisputed or fails to raise a fact issue as to jurisdiction, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

We have held, on the basis of the pleadings, that, because Goss failed to comply with a jurisdictional requirement for filing this suit against the City under the TCHRA, the trial court had no power to act other than to determine that it lacked jurisdiction to adjudicate that claim. *See Little*, 334 S.W.3d at 862. Thus, the trial court properly dismissed Goss's TCHRA claim with prejudice. *See Miranda*, 133 S.W.3d at 227. We have also held that Goss's Title VII claim was likewise time-barred, did not relate back to the filing date of Goss's TCHRA claim, and could not create jurisdiction over Goss's time-barred employment discrimination claims. *See EcoProduct Solutions*, 2011 WL 2624003, at *7. Therefore, because Goss's pleadings affirmatively demonstrated the court's lack of

16

subject matter jurisdiction over both his TCHRA and his Title VII claim, dismissal of his suit with prejudice was proper.[2]

Thus, the trial court could not properly have taken any action on Goss's suit other than to enter its final order of dismissal with prejudice.

## Conclusion

We affirm the trial court's order granting the City of Houston's plea to the jurisdiction and dismissing the case with prejudice.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

Higley, J., dissenting.

---

[2] The dissent also addresses the issue of whether there is sufficient evidence to show that Goss did not timely serve his amended petition containing the Title VII claim. We need not resolve this issue, as we have already concluded that the trial court lacked subject matter jurisdiction over the Title VII claim. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) (holding that subject matter jurisdiction is required to invoke power of trial court to decide claim).

17