

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00691-CV

Emigdia **DEMAGALONI**,
Appellant

v.

**BEXAR COUNTY HOSPITAL DISTRICT** d/b/a University Health System,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 363948
Honorable David J. Rodriguez, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  September 11, 2013

AFFIRMED

Emigdia DeMagaloni appeals the trial court's order dismissing her employment discrimination claim against Bexar County Hospital District d/b/a University Health System ("UHS"). The sole issue presented on appeal is whether the trial court erred in granting UHS's plea to the jurisdiction because UHS's contention that limitations barred the waiver of its immunity should have been raised in a motion for summary judgment, rather than in a plea to the jurisdiction. We affirm the trial court's order.

### BACKGROUND

DeMagaloni was discharged from her employment in November of 2009. On November 15, 2010, DeMagaloni sued University Health System Foundation d/b/a University Hospital, alleging employment discrimination claims. On December 7, 2010, University Health System Foundation filed an answer denying that it owned or operated UHS or University Hospital. The Foundation further denied that it ever employed DeMagaloni.

On November 14, 2011, the Foundation filed a motion for summary judgment asserting that it never employed DeMagaloni. DeMagaloni requested a continuance of the hearing on the Foundation's motion, and the record does not reflect that a hearing was ever conducted on the motion.

On December 8, 2011, DeMagaloni filed an amended petition naming University Health System, "a domestic Non-Profit Corporation," as an additional defendant. The amended petition contained the following assertions:

> In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice. Defendant University Health System may have been previously named as Defendant University Health System Foundation. Plaintiff contends that the arguments regarding alter-ego and misnomer apply and that Defendant University Health System has not been harmed or prejudiced in this matter.

On December 16, 2011, DeMagaloni filed a notice of non-suit as to the Foundation and filed a third amended petition acknowledging the non-suit.

On January 5, 2012, UHS filed a plea to the jurisdiction, asserting that UHS is a political subdivision of the State of Texas and its immunity had not been waived. DeMagaloni filed a response to the plea, asserting that the plea was a rehash of the prior motion for summary judgment

and that her assertion of misnomer/misidentification "is a factual issue that needs to be set for summary judgment as opposed to a plea to the jurisdiction."

On September 20, 2012, the trial court conducted a hearing on the plea. The trial court's order stated that UHS's plea "is valid as Plaintiff has failed to meet her burden of proof to establish any basis for waiver of immunity against UHS on the theories of alter ego, misnomer and misidentification." Accordingly, the trial court dismissed DeMagaloni's claims against UHS.

## DISCUSSION

The only complaint raised by DeMagaloni in her brief is that UHS's contention with regard to limitations should have been raised in a motion for summary judgment, as opposed to a plea to the jurisdiction.[1] We disagree.

"[S]ubject-matter jurisdiction is essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000). The absence of subject matter jurisdiction is properly asserted in a plea to the jurisdiction. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004); *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554.

Section 311.034 of the Texas Government Code entitled "Waiver of Sovereign Immunity" states, "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE ANN. § 311.034 (West 2013). Section 21.256 of the Texas Labor Code sets forth a limitations period for the filing of employment discrimination claims and is a mandatory statutory prerequisite to a suit against a governmental entity. TEX. LAB. CODE ANN. § 21.256 (West 2006); *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 515 (Tex. 2012) (holding a statutory prerequisite to suit such as the timely filing of a lawsuit is jurisdictional when the defendant is a governmental entity); *Goss v.*

---

[1] DeMagaloni does not assert any issue with regard to the trial court's ruling on her theories of alter ego, misidentification, or misnomer.

*City of Houston*, 391 S.W.3d 168, 173 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (holding suit brought against a governmental entity in violation of the section 21.256 statute of limitations must be dismissed for lack of jurisdiction); *El Paso Indep. Sch. Dist. v. Alspini*, 315 S.W.3d 144, 149 (Tex. App.—El Paso 2010, no pet.) (same). Thus, a failure to timely file suit in compliance with the section 21.256 limitations period deprives a trial court of subject matter jurisdiction, and is properly asserted in a plea to the jurisdiction. *See Prairie View A&M Univ.*, 381 S.W.3d at 515; *Tex. Dept. of Parks & Wildlife*, 133 S.W.3d at 225-26; *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554; *El Paso Indep. Sch. Dist.*, 315 at 149.

## CONCLUSION

Because a plea to the jurisdiction was a proper procedure for challenging DeMagaloni's failure to timely file her lawsuit against UHS, the sole complaint raised by DeMagaloni on appeal is overruled, and the trial court's order is affirmed.

Catherine Stone, Chief Justice