# IN THE SUPREME COURT OF TEXAS

No. 19-0829

H. JONATHAN COOKE, INDIVIDUALLY AND ON BEHALF OF ESCROW PARTNERS
DALLAS, L.P.; ESCROW PARTNERS DALLAS, GP, INC.; ESCROW PARTNERS
HOUSTON, L.P.; ESCROW PARTNERS HOUSTON, GP, INC.; ESCROW PARTNERS
AUSTIN, L.P.; ESCROW PARTNERS AUSTIN, GP, INC.; ESCROW PARTNERS SAN
ANTONIO, L.P.; ESCROW PARTNERS SAN ANTONIO, GP, INC.; TITLE PARTNERS,
L.L.P.; NORTH AMERICAN MANAGEMENT, L.L.P.; TJ PARTNERS I, LLC; AND TJ
PARTNERS II, LLC, PETITIONERS,

v.

ROBERT C. KARLSENG; KARLSENG LAW FIRM, P.C.; ASHLEY BRIGHAM PATTEN;
PATTEN & KARLSENG LAW FIRM, P.C.; JACQUES YVES LEBLANC; AND LEBLANC,
PATTEN AND KARLSENG LAW FIRM, P.C., RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS

**PER CURIAM**

A central issue in this case is whether the court of appeals erred in holding that the trial court lacked jurisdiction over claims of a limited partner for harm done to the partnership because he lacked standing to bring those claims individually. Because the court of appeals' decision is inconsistent with our recent opinion in *Pike v. Texas EMC Management, LLC*, 610 S.W.3d 763 (Tex. 2020), we conclude the appeal should be reconsidered in light of that opinion. We therefore reverse the court of appeals' judgment and remand for further proceedings.

H. Jonathan Cooke formed multiple real estate related partnerships with Robert Karlseng, Ashley Brigham Patten, and Jacques Yves LeBlanc. In 2006, Cooke sued Karlseng, Patten, and LeBlanc, along with new business entities they had formed without him (collectively, the defendants). He alleged that the individual defendants moved partnership assets to the new business entities without compensating him. The parties went to arbitration and the trial court affirmed an award in Cooke's favor. The court of appeals vacated the award and remanded the case for further proceedings. *Karlseng v. Cooke*, 346 S.W.3d 85, 100 (Tex. App.—Dallas 2011, no pet.).

Over the next several years, Cooke added new claims—including derivative claims on behalf of the partnerships—and added the partnerships as plaintiffs. The defendants filed various motions and defenses in response. As relevant here, the defendants filed a plea to the jurisdiction, asserting that Cooke individually lacked standing to bring claims against the individual defendants because his claims belonged to the partnerships. The trial court denied the plea. The defendants also moved for summary judgment on their defenses of illegality and business judgment. The trial court granted that motion regarding certain claims. But the trial court denied the defendants' motion for summary judgment on their defense of limitations. The trial court granted the parties' agreed motion for an interlocutory appeal, and the court of appeals granted them permission to appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d), (f); TEX. R. APP. P. 28.3.

On appeal, the defendants challenged the trial court's denial of their plea to the jurisdiction and their motion for summary judgment based on limitations. __ S.W.3d __, __

2

(Tex. App.—Dallas 2019).  Cooke challenged the trial court's order granting the defendants' motion for summary judgment on the defenses of illegality and business judgment.  *Id.* at __.

The court of appeals first addressed the defendants' plea to the jurisdiction.  *Id.* at __.  It agreed with the defendants that Cooke's individual claims pleaded only an injury to the partnerships and thus did not belong to him individually.  *Id.* at __.  The court explained that while Cooke felt the economic impact of the defendants' failure to compensate him for the partnership assets and businesses, those damages belong to the partnerships.  *Id.* at __.  The court thus concluded that "Cooke lacked standing to assert his individual claims.  If a plaintiff lacks standing to assert a claim, the court lacks jurisdiction over that claim and must dismiss it."  *Id.* at __.

The court of appeals also addressed the trial court's denial of the defendants' motion for summary judgment based on limitations.  The defendants argued that the derivative claims Cooke filed in 2014 were barred by limitations because they were based on allegations that occurred in 2005 and 2006.  *Id.* at __.  Cooke responded that all the derivative allegations related back to his original filing in 2006.  *Id.* at __.  Based on its holding that Cooke lacked standing to assert his original individual claims, and therefore the trial court never obtained jurisdiction over them, the court held that the doctrine of relation back could not create jurisdiction where none existed.  *Id.* at __ (citing *Goss v. City of Houston*, 391 S.W.3d 168, 175 (Tex. App.—Houston [1st Dist.] 2012, no pet.)).  The court therefore reversed the trial court's orders, dismissed Cooke's individual claims for lack of jurisdiction, and dismissed his

derivative claims because they were barred by limitations. *Id.* at \_\_. It did not reach Cooke's issues regarding the defenses of illegality and business judgment.

Cooke filed a petition for review in this Court. Meanwhile, we decided *Pike*. 610 S.W.3d 763. As relevant here, *Pike* addressed whether a partner lacked standing to sue for breach of a partnership agreement that harmed the value of his partnership interest on the ground that such a cause of action belongs to the partnership rather than individual partners. *Id.* at 773. We concluded that "the authority of a partner to recover for an alleged injury to the value of its interest in the partnership is not a matter of constitutional standing that implicates subject-matter jurisdiction." *Id.* at 775. We did recognize that statutory provisions define and limit a partner's ability to recover certain damages. *Id.* at 778. As we explained, however, those provisions "go to the merits of the claim; they do not strip a court of subject-matter jurisdiction to render a take-nothing judgment if the [partner] fails to meet the statutory requirements." *Id.*

Our analysis in *Pike* reveals that the court of appeals' contrary holding in this case is incorrect. As explained above, the court of appeals also relied on that holding to conclude that Cooke's derivative claims did not relate back to his original filing.

The defendants assert that *Pike* was wrongly decided, and we should reconsider it. We decline to do so. All the parties also ask us to address the issues the court of appeals did not reach. We believe that the court of appeals should have the opportunity to consider those issues first.

4

In sum, the court of appeals' holding regarding standing is in direct conflict with *Pike*, and that holding affected the court's consideration of the other issues it reached. Without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant the petition for review. We reverse the judgment of the court of appeals and remand the case for the court of appeals to reconsider the limitations issue in light of *Pike* and to reach the remaining issues as necessary to dispose of this agreed interlocutory appeal. *See* TEX. R. APP. P. 47.1.

**OPINION DELIVERED:** January 22, 2021