**Opinion issued December 19, 2024**



In The

# Court of Appeals

### For The

# First District of Texas

_____

### NO. 01-23-00186-CV
_____

## HARRIS CENTRAL APPRAISAL DISTRICT, Appellant

## V.

## SHU SEAN ZHENG, Appellee

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-72964**

---

### OPINION ON REHEARING

Appellee, Shu Sean Zheng, has filed a motion for rehearing and for en banc

reconsideration of our January 23, 2024 opinion and judgment.[1]  We grant the

---

[1] *See* TEX. R. APP. P. 49.1, 49.5.

motion for rehearing, withdraw our opinion and judgment of January 23, 2024, and issue this opinion and new judgment in their stead. We dismiss Zheng's motion for en banc reconsideration as moot.[2]

In this interlocutory appeal,[3] appellant, Harris Central Appraisal District ("HCAD"), challenges the trial court's order denying its plea to the jurisdiction filed in Zheng's suit appealing the final orders of the Appraisal Review Board (the "ARB") denying his protests to HCAD's appraised value of his property for the 2020, 2021, and 2022 tax years. In its sole issue, HCAD contends that the trial court erred in denying its plea to the jurisdiction.

We reverse and render in part, affirm in part, and remand in part.

## Background

On November 12, 2020, Zheng, the owner of a parcel of real property located in Houston, Harris County, Texas (the "property"), filed his original petition in the trial court seeking review of the ARB's final order denying his protest to HCAD's determination of the property's appraised value for the 2020 tax year. On January 28, 2022, Zheng amended his petition to add an appeal of the ARB's January 24, 2022 final order denying his protest of the property's appraised value for the 2021

---

[2] *See Richardson-Eagle, Inc. v. William M. Mercer, Inc.*, 213 S.W.3d 469, 472 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ("Because we issue a new opinion with the denial of rehearing, [the] motion for en banc reconsideration of our prior opinion is moot.").

[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

tax year.[4]  On June 28, 2022, Zheng amended his petition a second time to appeal the ARB's June 27, 2022 final order denying his protest to HCAD's appraised value of the property for the 2022 tax year.[5]

HCAD then filed a plea to the jurisdiction asserting Zheng did not timely file his 2020 tax appeal.  HCAD observed that under the Texas Tax Code, a property owner who seeks review of an ARB final order must file a petition for review in the district court within sixty days after receiving notice that the ARB had entered its final order.[6]  According to HCAD, because Zheng "failed to timely file his original petition within the requisite sixty-day period prescribed by the [Texas] Tax Code," the trial court "lack[ed] jurisdiction to hear" Zheng's challenge to the appraised valuation of the property for the 2020 tax year.  Further, HCAD argued that because the late filing of Zheng's original petition did not confer jurisdiction, the trial court "also lack[ed] jurisdiction over" Zheng's challenges to HCAD's appraised valuations for the 2021 and 2022 tax years, which "were added" when Zheng amended his petition.  Thus, HCAD asserted that all Zheng's claims "must be dismissed for want of jurisdiction."

---

[4]    *See* TEX. TAX. CODE ANN. § 42.21(c).

[5]    *See id.*

[6]    *See id.* § 42.21(a).

3

After Zheng responded, the trial court denied HCAD's plea to the jurisdiction, citing the Texas Supreme Court's emergency order that allowed courts to extend deadlines during the COVID-19 pandemic.[7]  HCAD then filed a motion for reconsideration, which the trial court also denied.

## Standard of Review

A party may challenge the existence of subject-matter jurisdiction through a plea to the jurisdiction. *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 8 (Tex. 2015).  The existence of subject-matter jurisdiction is a question of law that we review de novo.  *Id.*  We consider the pleadings and factual assertions by the parties, along with evidence in the record that is relevant to the jurisdictional issue. *Id.*  We look to the plaintiff's intent and construe the pleadings liberally in his favor to determine whether he has alleged facts affirmatively demonstrating jurisdiction. *Id.*  If the pleadings do not plead sufficient facts to demonstrate jurisdiction but do not affirmatively negate jurisdiction, the trial court must give the plaintiff the opportunity to amend.  *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004).  If the pleadings affirmatively negate jurisdiction, then the trial court must grant the plea without giving the plaintiff an opportunity to amend.  *Id.* at 227.

---

[7]     *See generally Kim v. Ramos*, 632 S.W.3d 258, 261 n.5, 266 n.13 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (discussing COVID-19 pandemic).

4

If the plea to the jurisdiction challenges the existence of jurisdictional facts, we consider whether the evidence in the record raises a fact issue. *Id.* at 227–28. If it does, the trial court cannot grant the plea to the jurisdiction, and the fact issue must be resolved by the factfinder. *Id.* But if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court may rule on the plea to the jurisdiction as a matter of law. *Id.* at 228.

## Subject-Matter Jurisdiction Under the Texas Tax Code

In its sole issue, HCAD argues that the trial court erred in denying its plea to the jurisdiction because the trial court lacks subject-matter jurisdiction over Zheng's suit.

Each year, a county appraisal district appraises all taxable property within its boundaries. *See* TEX. TAX CODE ANN. § 23.01(a). A property owner may protest the appraised value of his property by filing a notice of protest with his local appraisal review board. *Id.* § 41.44(a). The appraisal review board, after determining the merits of the property owner's claim, must issue a written order and send the property owner, by certified mail, a notice of the order's issuance and a copy of the order. *Id.* § 41.47(a), (d).

The property owner may appeal the order by filing a petition for review in a district court "within [sixty] days after the party received notice that a final order has been entered." *Id.* § 42.21(a). The sixty-day filing deadline is jurisdictional,

5

meaning that if the property owner does not timely file the petition for review, the trial court lacks subject-matter jurisdiction to hear the appeal. *See id.* (stating "[f]ailure to timely file a petition bars any appeal" of final order); *Appraisal Rev. Bd. v. Int'l Church of Foursquare Gospel*, 719 S.W.2d 160, 160 (Tex. 1986) (dismissing property owner's suit for lack of jurisdiction because "[c]ompliance with [Texas Tax Code section] 42.21 is jurisdictional"); *Mansion Partners, Ltd. v. Harris Cnty. Appraisal Dist.*, No. 01-20-00565-CV, 2022 WL 175357, at *3 (Tex. App.—Houston [1st Dist.] Jan. 20, 2022, no pet.) (mem. op.) ("Timely filing of the petition for review is jurisdictional."); *see also* TEX. GOV'T CODE ANN. § 311.034 (statutory prerequisites to suit are jurisdictional requirements in suit against governmental entity).

Subject-matter jurisdiction is "essential" to a court's authority to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Subject-matter jurisdiction "is never presumed and cannot be waived." *Id.* at 443–44. The issue of subject-matter jurisdiction may be raised at any time, even for the first time on appeal. *Id.* at 445. Failure to comply with a jurisdictional requirement to suit "deprives the trial court of power to act, other than to determine that it lacks jurisdiction." *Goss v. City of Houston*, 391 S.W.3d 168, 173 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

6

## A. Jurisdiction over Original Petition

In a portion of its sole issue, HCAD argues that the trial court erred in denying its plea to the jurisdiction because Zheng did not timely file his original petition. Zheng responds that HCAD failed to prove the date that he received notice of the ARB final order's issuance and thus failed to satisfy its burden to establish that he did not file his original petition within the sixty-day deadline. *See* TEX. TAX CODE ANN. § 42.21(a) (sixty-day deadline to file petition for review of final order begins on date property owner receives notice); *Mansion Partners*, 2022 WL 175357, at *4 (to prevail on plea to jurisdiction based on Texas Tax Code section 42.21, taxing unit generally must prove property owner received notice more than sixty days before filing petition).

In its briefing, HCAD argues that it did not need to offer evidence to prove the date that Zheng received notice because Zheng's pleadings and jurisdictional evidence established that his original petition was untimely filed. Specifically, Zheng stated in his original petition that he received notice on or about September 5, 2020, which meant that he should have filed his petition by November 5, 2020. Yet Zheng did not file his original petition until November 12, 2020.

In his affidavit attached to his response to HCAD's plea to the jurisdiction, Zheng referred to his original petition and stated that he "voluntarily offered into the records the full factual accounting of the extraordinary events and facts that led to

and caused the two-week delay in the filing of [his] [o]riginal [p]etition." He went on to say, "I had always intended and planned to file my [o]riginal [p]etition within the [sixty]-day deadline. If not for [certain events and facts], I would have filed the [o]riginal [p]etition within the [sixty]-day deadline." We agree with HCAD that these statements constitute an admission by Zheng that he did not timely file his original petition.

After HCAD filed a motion for reconsideration of the order denying its plea to the jurisdiction, Zheng filed a response with another affidavit. In this affidavit, he stated:

> I received the [a]ppraisal [r]eview [b]oard's [o]rder [d]etermining [p]rotest letter for tax year 2020 on or around September 5, 2020. . . . Based on the receipt date of September 5, 2020, I had calculated the [sixty]-day statute of limitation deadline as specified in [Texas Tax Code section 42.21] to be November 5, 2020. Subsequently and with the advice of legal counsel I now understand that the correct day for this 60-day statutory deadline should have been November 4, 2020.

According to Zheng, then, he intended to file on time, but due to extraordinary circumstances, he could not.[8] The record thus establishes that Zheng received notice

---

[8]     In his original petition, Zheng stated:

> Plaintiff, however, has been repeatedly delayed by changes in the [c]ourt's filing procedures for [p]ro [s]e filers due to the COVID[-]19 pandemic, challenges in securing legal representation and expert testimony, demands of the ongoing litigation Plaintiff has been pursuing . . . , and a flesh wound Plaintiff suffered on October 29, 2020 where Plaintiff's left thumb was lacerated by a knife to a depth of half-inch, consequently Plaintiff was unable to file this [p]etition before

more than sixty days before filing his original petition and thus, that Zheng did not timely file his original petition.

Zheng also argues that his original petition specifically pleaded that he had complied with all conditions precedent to filing suit, which shifted the burden of proof to HCAD to specifically deny in its answer that the conditions precedent did not occur, something that HCAD did not do. HCAD, though, filed a plea to the jurisdiction, which challenged the trial court's subject-matter jurisdiction. Subject-matter jurisdiction is essential to a court's authority to decide a case. *Tex. Ass'n of Bus.*, 852 S.W.2d at 443. It "is never presumed and cannot be waived." *Id.* at 443–44. Thus, when a condition precedent to suit is also a jurisdictional requirement, it is not subject to waiver. *See Gilles-Gonzalez v. Univ. of Tex. Sw. Med. Ctr.*, No. 05-16-00078-CV, 2016 WL 3971411, at \*3–4 (Tex. App.—Dallas July 22, 2016, no pet.) (mem. op.) (rejecting plaintiff's argument trial court could not grant plea to jurisdiction because plaintiff pleaded she met all conditions precedent and defendant did not specifically deny any condition precedent and

---

the sixty-(60)-day deadline on November 5, 2020, which is only one-week prior to the final filing date of this [p]etition.

In his response to HCAD's plea to the jurisdiction, Zheng asserted that his original petition established his intent to file the original petition within the sixty-day deadline, quoted the preceding paragraph, and that if not for the extenuating circumstances, he would have filed it on time.

explaining court must consider subject-matter jurisdiction regardless of specific denial of condition precedent).

We conclude that Zheng's pleadings and jurisdictional evidence establish that Zheng did not timely file his original petition in accordance with Texas Tax Code section 42.21.

HCAD also argues that because the Texas Tax Code's sixty-day filing deadline is a jurisdictional requirement, the Texas Supreme Court's applicable COVID-19 emergency order did not extend the jurisdictional deadline for Zheng to file the original petition. *See generally Kim v. Ramos*, 632 S.W.3d 258, 266–67 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (providing history of Texas Supreme Court's emergency orders following governor's issuance of initial disaster declaration concerning COVID-19 in March 2020). The Texas Supreme Court's Twenty-Sixth Emergency Order Regarding the COVID-19 State of Disaster, the applicable order here, states:

> Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent . . . , modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than December 1, 2020[.]

*See* Supreme Court of Texas, Twenty-Sixth Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9112, 609 S.W.3d 135, 135 (Tex. 2020).

10

To support his position that the order extended the deadline for filing his original petition for review under Texas Tax Code section 42.21, Zheng notes that nothing in the plain language of the order suggests that a court cannot extend jurisdictional deadlines. But every Texas appellate court that has addressed this issue has concluded that the Texas Supreme Court's COVID-19 emergency orders do not extend jurisdictional deadlines to create jurisdiction where it would not otherwise exist. *See, e.g.*, *Nix v. City of Beaumont*, No. 09-22-00042-CV, 2023 WL 4781212, at *5 (Tex. App.—Beaumont July 27, 2023, no pet.) (mem. op.) (stating emergency orders do not extend deadline for perfecting appeal, grant authority to revive jurisdiction once appellate deadline passes, or grant jurisdiction where none otherwise exists); *Harris Cnty. v. Davidson*, 653 S.W.3d 318, 323 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (concluding emergency order did not extend jurisdictional deadline for filing suit because order does not create jurisdiction where none exists); *see also In re State ex rel. Ogg*, 618 S.W.3d 361, 364 (Tex. Crim. App. 2021) (interpreting Texas Supreme Court's emergency orders as "presuppos[ing] a pre-existing power or authority over the case or the proceedings" and granting courts ability to "extend a deadline . . . that would otherwise be part of the court proceedings," but orders "do[] not suggest that a court can create jurisdiction for itself where the jurisdiction would otherwise be absent"); *Prescod v. Tkach*, No. 02-21-00162-CV, 2022 WL 246858, at *5 (Tex. App.—Fort Worth Jan. 27, 2022,

11

no pet.) (mem. op.) ("The emergency orders do not give courts authority to revive jurisdiction once a *jurisdictional* deadline has passed."); *Choudry v. Choudry*, No. 01-20-00698-CV, 2021 WL 3556660, at *1 n.1 (Tex. App.—Houston [1st Dist.] Aug. 12, 2021, no pet.) (mem. op.) ("[A]lthough the Supreme Court's emergency order provides that courts may modify or suspend deadlines . . . , nothing in the emergency order suggests that it may be interpreted to grant jurisdiction where jurisdiction no longer exists."); *Quariab v. El Khalili*, No. 05-20-00979-CV, 2021 WL 960646, at *1 (Tex. App.—Dallas Mar. 15, 2021, no pet.) (mem. op.) (concluding emergency order did not reinstate trial court's jurisdiction by extending deadline to exercise plenary power); *Cantu v. Trevino*, No. 13-20-00299-CV, 2020 WL 6073267, at *5 (Tex. App.—Corpus Christi–Edinburg Sept. 24, 2020, no pet.) (mem. op.) ("[N]othing in the emergency orders suggest that they alter the rules of appellate procedure or purport to grant jurisdiction where none exists.").

Zheng points out that his original petition was an appeal to the district court of the ARB final order and notes that while some of the emergency orders specifically excluded the deadline for perfecting appeals from the general granting of authority to extend deadlines,[9] others, including the order that applies here, did

[9]     *See, e.g.*, Supreme Court of Texas, Eighth Emergency Order Regarding COVID-19 State of Disaster, Misc. Docket No. 20-9051, 597 S.W.3d 844, 844 (Tex. 2020) (stating any deadline for filing or service of any civil case is tolled but "[t]his does not include deadlines for perfecting appeal or for other appellate proceedings"); *see also Cantu v. Trevino*, No. 13-20-00299-CV, 2020 WL 6073267,

12

not. According to Zheng, the Texas Supreme Court's omission of that language manifests an intent to give courts the discretion to extend appellate deadlines. But the intermediate appellate courts that have considered those orders have not recognized such a distinction. Instead, they have consistently held that the Texas Supreme Court's COVID-19 emergency orders do not extend jurisdictional deadlines or grant jurisdiction to do so even when those orders have not expressly excluded appellate deadlines. *See, e.g.*, *Davidson*, 653 S.W.3d at 322 (interpreting Twenty-Ninth Emergency Order); *Prescod*, 2022 WL 246858, at *5 (interpreting Thirty-Sixth Emergency Order); *Choudry*, 2021 WL 3556660, at *1 n.1 (same); *Quariab*, 2021 WL 960646, at *1–2 (same).

The Texas Supreme Court's COVID-19 emergency orders gave courts the discretion to extend deadlines for which that discretion already existed, but the orders did not create subject-matter jurisdiction where it did not already exist. *See, e.g.*, *Choudry*, 2021 WL 3556660, at *1 n.1. Thus, we conclude that the emergency order applicable to this case did not extend the sixty-day jurisdictional deadline for the filing of Zheng's original petition.[10]

---

at *5 (Tex. App.—Corpus Christi–Edinburg Sept. 24, 2020, no pet.) (mem. op.) (interpreting Eighth Emergency Order); *Lane v. Lopez*, No. 14-20-00633-CV, 2020 WL 6439689, at *1 (Tex. App.—Houston [14th Dist.] Nov. 3, 2020, pet. denied) (mem. op.) (interpreting Twenty-First Emergency Order).

[10] Zheng filed an amended appellee's brief without leave of court the day before this appeal was set for submission. *See* TEX. R. APP. P. 38.7 ("A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court

We sustain this portion of HCAD's sole issue.

## B. Jurisdiction over Amended Petitions

In the remaining portion of its sole issue, HCAD argues that the trial court erred in denying its plea to the jurisdiction as to Zheng's petitions for review of the ARB's January 24, 2022 and June 27, 2022 final orders that Zheng added in his amended petitions because it lacked jurisdiction over the original petition.

After Zheng filed his original petition seeking review of the ARB's final order on the property's 2020 appraisal, he amended his petition twice—once to appeal the ARB's final order on the property's 2021 appraisal and again to appeal the ARB's final order on the property's 2022 appraisal. *See* TEX. TAX CODE ANN. § 42.21(c) (authorizing property owner to amend original appeal to add appeal of subsequent order). HCAD has not disputed that Zheng timely filed each amended petition in compliance with the sixty-day deadline applicable to the respective petition for

may prescribe."). Generally, "a party must seek leave of court to file an amended or supplemental brief, and the appellate court has some discretion in deciding whether to allow the filing." *Palma v. Harris Cnty. Appraisal Rev. Bd.*, No. 01-17-00705-CV, 2018 WL 3355052, at *1 (Tex. App.—Houston [1st Dist.] July 10, 2018, pet. denied) (mem. op.) (quoting *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998)). Zheng's amended appellee's brief did not raise any issues that were not raised in his original appellee's brief, but it further elaborated on his argument that the Texas Supreme Court's emergency orders allowed courts to extend jurisdictional deadlines. HCAD moved to strike the amended appellee's brief, but our conclusion on this part of HCAD's sole appellate issue—agreeing with HCAD that the Texas Supreme Court's emergency orders did not allow courts to extend jurisdictional deadlines—renders the motion moot. We therefore dismiss HCAD's motion to strike Zheng's amended appellee's brief as moot.

review.  But according to HCAD, because the trial court lacked jurisdiction over Zheng's original petition, it "was a nullity" and thus could not confer subject-matter jurisdiction over any amended petitions.  *See Goss*, 391 S.W.3d at 175; *see also San Jacinto River Auth. v. Lewis*, 629 S.W.3d 768, 776–77 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (holding because trial court lacked jurisdiction over plaintiff's original petition it also lacked jurisdiction over claims asserted in amended petition, even though court would have had jurisdiction over new claims if plaintiff had timely filed them).

HCAD's argument requires us to consider and interpret Texas Tax Code section 42.21—particularly subsections (c) and (h).  Our objective in interpreting a statute is to ascertain and give effect to the Legislature's intent as expressed in the language of the statute.  *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018).  We interpret statutory terms "according to their plain and common meaning, unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results."  *Id.*  "[W]e must look to the plain language, construing the text in light of the statute as a whole."  *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019); *see also Youngkin*, 546 S.W.3d at 680 ("[L]egislative intent derives from an act as a whole rather than from isolated portions of it.").  We "endeavor to read the statute contextually, giving effect to every word, clause, and sentence."  *In re Off. of Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013).  "The statutory terms bear

their common, ordinary meaning unless the text provides a different meaning or the common meaning leads to an absurd result." *Id.* A court "may not impose its own judicial meaning on a statute by adding words not contained in the statute's language." *Id.*

Subsection (c) to Texas Tax Code section 42.21 provides:

If an appeal under this chapter is pending when the appraisal review board issues an order in a subsequent year under a protest by the same property owner and that protest relates to the same property that is involved in the pending appeal, the property owner may appeal the subsequent appraisal review board order by amending the original petition for the pending appeal to include the grounds for appealing the subsequent order. The amended petition must be filed with the court in the period provided by [s]ubsection (a) for filing a petition for review of the subsequent order. A property owner may appeal the subsequent appraisal review board order under this subsection *or* may appeal the order independently of the pending appeal as otherwise provided by this section, but may not do both. A property owner may change the election of remedies provided by this subsection at any time before the end of the period provided by [s]ubsection (a) for filing a petition for review.

TEX. TAX CODE ANN. § 42.21(c) (emphasis added).

Under the plain language of section 42.21(c), the timeliness of an amended petition under section 42.21 turns *only* on whether it was filed within the sixty-day period following notice of the ARB final order triggering the amendment, without reference to whether the taxpayer timely filed his appeal of the prior ARB final order. Whether the taxpayer appeals a subsequent ARB final order in a new lawsuit *or* adds such appeal to an already pending lawsuit appealing a prior ARB final order, the

16

appeal must be filed within the sixty-day period following notice as to that final order. *See id.* ("The amended petition must be filed with the court in the period provided by [s]ubsection (a) for filing a petition for review of the subsequent order.").

This is reinforced by Texas Tax Code section 42.21 subsection (h), which provides that a "[district] court has jurisdiction over an appeal under this chapter brought on behalf of a property owner . . . so long as [(1)] the property was the subject of an appraisal review board order, [(2)] *the petition was filed within the [sixty-day] period required by [s]ubsection (a)*, and [(3)] the petition provides sufficient information to identify the property that is the subject of the petition." *Id.* § 42.21(h) (emphasis added).

That the timeliness of each appeal must be determined independently of the others is also reinforced by the statutory language giving the taxpayer the option of either adding an appeal of a new ARB final order to an already pending lawsuit appealing a prior final order involving the same property or filing a new lawsuit to appeal the subsequent final order. Further, the statute prohibits the taxpayer from filing both an amendment to a pending petition and a new lawsuit, indicating that both have equal standing as far as whether they stand independently of earlier challenges to prior ARB final orders.

17

In asserting that the trial court lacked subject-matter jurisdiction over Zheng's amended petitions under Texas Tax Code section 42.21(c), HCAD relies on the common-law rule that a trial court determines its jurisdiction at the time the lawsuit is filed. *See Richardson v. First Nat'l Life Ins. Co.*, 419 S.W.2d 836, 839 (Tex. 1967); *Waller Cnty. v. Paxton*, No. 07-22-00034-CV, 2022 WL 3449497, at *3 (Tex. App.—Amarillo 2022, pet. denied) (mem. op.). But we must presume that the Legislature enacted subsections (c) and (h) of Texas Tax Code section 42.21 with full knowledge of the common law. *See JCB, Inc. v. Horsburgh & Scott Co.*, 597 S.W.3d 481, 486 (Tex. 2019). In construing these provisions with the statute as a whole, they plainly tie the viability of each tax appeal to the timeliness of its filing in relation to the taxpayer's receipt of notice of the ARB final order being appealed. Nothing in section 42.21's plain language limits or curtails this specific grant of jurisdiction to a district court, and we will not judicially add such limiting language to the statute. *See In re Panchakarla*, 602 S.W.3d 536, 540 (Tex. 2020) (orig. proceeding) ("We construe statutes and related provisions as a whole, not in isolation, and as a general proposition, we are hesitant to conclude that a trial court's jurisdiction is curtailed absent manifestation of legislative intent to that effect.").

Here, Zheng timely filed his 2021 and 2022 tax appeals. Because Zheng complied with the statute and followed all prerequisites to filing his 2021 and 2022 tax appeals on a timely basis, he satisfied all jurisdictional requirements for those

appeals. Thus, we hold that the trial court had subject-matter jurisdiction over Zheng's 2021 and 2022 tax appeals.

We overrule the remaining portion of HCAD's sole issue.

**Conclusion**

We reverse the trial court's order denying HCAD's plea to the jurisdiction as to Zheng's 2020 tax appeal and render judgment granting the part of the plea to the jurisdiction that applies to the 2020 tax appeal and dismissing that appeal for lack of jurisdiction. We affirm the trial court's order denying HCAD's plea to the jurisdiction as to Zheng's 2021 and 2022 tax appeals. We remand the case to the trial court for further proceedings consistent with this opinion.


Julie Countiss
Justice

Panel consists of Chief Justice Adams and Justices Goodman and Countiss.